[No. 5776. Decided March 2, 1906.]

CHARLES H. REYNOLDS, *Appellant,* v. BLANCHE A. REYNOLDS
*et al., Respondents.*[1]

APPEAL—DISMISSAL—NOTICE—SERVICE. An appeal will not be
dismissed because of the filing of the notice of appeal before service
thereof, or because of failure to file proof of service within five days,
where the proof was subsequently made and no delay or injury re-
sults, in view of Laws 1899, p. 79, providing that an appeal shall not
be dismissed for any defect in the notice or service thereof if the
appellant shall forthwith perfect the appeal.

MORTGAGES—DEED ABSOLUTE IN FORM—EVIDENCE OF INTENTION—
SUFFICIENCY. There is not clear and satisfactory proof that a deed,
absolute in form, was intended as security for a debt owing from a
son to his father, where it appears, that in May, 1891, the premises

1Reported in 84 Pac. 579.

were purchased for a consideration of $3,500, the conveyance made to the father, and in June of the same year the father agreed to sell the same to his son, giving a bond for a deed upon consideration that the son should pay to him a note for $2,000 dated on April 29, 1891; that the father died in 1900, leaving a will reciting that in 1889 he had made advances to the son in the sum of $8,000, and subsequently other sums for investment in real estate, and providing for the cancellation of all evidences of indebtedness against the son if he would accept such advances as the son's proportionate share of the estate without contesting the will; that the son testified that the property in question was purchased and paid for by him, and that his father loaned him $2,000 with which to make the final payment, and that the deed was made direct to the father as a mortgage to secure said $2,000; that the father held notes for large sums against the son which were in excess of his proportionate share of the estate, paid taxes on the land since 1891, and at one time wrote his son asking for a quitclaim deed as the bond for a deed had long since been due and "so to speak dead."

EVIDENCE—BEST AND SECONDARY—COPY OF CONTRACT. The copy of a contract is inadmissible where it appears that there were two originals of the same, both in the city where the trial was had, and there was no showing that either of them was lost or unobtainable.

WITNESSES—COMPETENCY—TRANSACTIONS WITH DECEASED. The oral evidence of a son, to question the conditions of a bond for a deed and other writings between himself and his deceased father, is inadmissible in an action against parties defending as representatives of the deceased, and as deriving title through the executor of his last will.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered March 15, 1905, dismissing, at the close of plaintiff's case, an action to quiet title, after a trial before the court without a jury. Affirmed.

*E. H. Belden (D. R. Glasgow* and *Guy B. Groff,* of counsel), for appellant.

*James A. Williams* and *Denton M. Crow,* for respondents.

MOUNT, C. J.—This action was brought by the plaintiff, who prayed in his complaint to be adjudged the owner of certain lots in Spokane, and that his title to said lots be quieted against the claims of the defendants. After issues joined upon the facts, the cause was tried to the court. At

the close of plaintiff's evidence, the action was dismissed. Plaintiff appeals.

Respondents move to dismiss the appeal, because the notice of appeal was first filed and then served, and because proof of service of the notice of appeal was not filed within five days after the service of the notice. Prior to the act of 1899, the latter ground of the motion was held sufficient for a dismissal of the appeal. *Puckett v. Moody,* 17 Wash. 609, 50 Pac. 494, and cases there cited. But since that time the amendment of 1899 was passed, which materially changes the prior act, and which provides that no appeal shall be dismissed for any defect in the notice of appeal or the service thereof, if the appellant shall forthwith perfect the appeal. It is conceded in this case that a proper notice was served within time, and that proof thereof was subsequently made, but not within time. This later statute was evidently intended to cover such cases. Since the appeal appears not to have been delayed, or respondents injured in any way, the motion to dismiss is denied without terms.

Upon the merits, the facts as shown by the record are that, on May 11, 1891, Job Reynolds, who was appellant's father, purchased from James Monoghan and wife the land in question, for a consideration of $3,500. At that time the appellant was indebted to his father, Job Reynolds, in large amounts, which indebtedness was evidenced by promissory notes. On June 23, 1891, Job Reynolds agreed to sell said lands to his son, this appellant, upon consideration that the son would pay to his father a promissory note for $2,000, dated April 29, 1891, and due April 29, 1894. At the time of this agreement, the said Job Reynolds executed and delivered to his son a bond for a deed, which was to be made upon compliance with the terms of the note. Appellant did not pay the note when it matured, and thereafter, upon a request of his father, refused to pay it. On March 6, 1899, the said Job Reynolds made his last will, which contained the following provision:

"Fifth. Whereas, on the 1st day of February, A. D. 1889, at the instance and request of my son Charles H. Reynolds, I made an advancement to him of the sum of $8,000, which said advancement was made and paid by me and accepted by the said Charles H. Reynolds as his full distributive share of my estate as heir at law or otherwise at the time of my death, and that by reason of the foregoing recital and the further fact of my having furnished large sums of money since the advancement above referred to and at the instance and request of my said son Charles H. Reynolds, for investment in real estate for his benefit, and as the same has been accompanied by great pecuniary loss to me, I have omitted him as one of the general beneficiaries under this will as he has received from me more than his pro rata share of my estate.

"Sixth. I direct that should my said son Charles H. Reynolds accept and concur in the provisions of my will that my executor shall cancel and deliver to him all of the various evidences of indebtedness which I may hold against him at the time of my death. Otherwise all such indebtedness shall be enforced against him for the benefit of my estate."

In June of 1900, Job Reynolds died, and subsequently his will was probated in the state of Iowa, where he resided. The will was not submitted for probate in this state. Appellant did not contest the will but, without filing any written acceptance, submitted thereto. Upon the settlement of the estate, the executor of the will conveyed the property in question to Florence M. Price, a sister of the appellant, and one of the legatees under the will, in consideration of $900, which was her distributive share of the estate. After the property had been conveyed to the said Florence M. Price, appellant placed his bond for a deed upon the records in Spokane county, and brought this action, claiming that he had purchased the property in 1891 from Monoghan and wife for a consideration of $3,100; that at the time of the purchase he paid Mr. Monoghan in cash $1,550 of the purchase price, and that a year thereafter, when the balance became due, he borrowed $2,000 from his father for the purpose of

paying the balance with interest, and that the title was thereupon conveyed by Monoghan and wife direct to his father Job Reynolds, as security for the payment of the $2,000; that the conveyance to his father was in fact a mortgage; that by the terms of the will the note was cancelled, and thereby appellant became the owner of the property. There is no evidence in the record tending to show that the deed from Monoghan and wife to Job Reynolds was intended to be a mortgage to secure the payment of the note of appellant to his father for $2,000, except the inference in the bond itself, which recites that, if the appellant shall pay the said note at its maturity, then the said Job Reynolds will convey the property to the appellant; also some letters written in the year 1898 by Job Reynolds to his son, in which letters Job Reynolds asks his son for a quitclaim deed for this and other property, for the reason that the bond "has long since been due and is, so to speak, dead." It is conceded that Job Reynolds paid the taxes on the property from the year 1891 to the time of his death in 1900, and that appellant, upon demand of his father after the maturity of the note, refused to pay the said note.

Before a deed absolute in form will be declared to be a mortgage, clear and satisfactory proof must be produced to establish that the deed was given as security for a debt, and was really intended as a mortgage. We do not find such proof in the record before us. Appellant has never held the record title; the title passed directly from Monoghan and wife to Job Reynolds, and shortly thereafter Job Reynolds agreed to sell the property to his son for $2,000, and gave him a bond for a deed, which was to be executed upon the payment of a note for that sum with interest. The note appears to have been made about two weeks before the bond was given. The note was never paid. It is true, the last will of Job Reynolds released all notes held by him against his son, but it did not provide for the conveyance of the prop-

erty to the son. It appears that the father held notes for large sums against the son, and that his son had received advancements for more than his distributive share of the estate. The will provided for the cancellation of all these notes, and nothing more. The transaction between appellant and his father, in regard to the land in question, was either a mortgage or an agreement to sell upon the payment of $2,000. The record satisfies us that the latter was the true condition, and being so, the appellant is not entitled to the land because he has not paid the purchase price. Under the terms of the will he is entitled to a cancellation of the note and nothing more.

Appellant claims, by his pleadings, that he was the purchaser of the land from Monoghan and wife; that in the year 1898 he entered into a contract of purchase with said Monoghan for the sum of $3,100, and paid thereon $1,550 at the time the contract was made. But subsequently his father loaned him $2,000 with which he made a final payment on the land, and that a deed was made directly from Monoghan and wife to his father to secure that sum. Appellant testified, that there were two original copies of this alleged contract, one held by Monohghan and one by an agent of appellant; that both these originals were in the city of Spokane at the time of the trial. Neither of these originals was offered in evidence, and there was no showing that either of them was lost or not obtainable. Appellant offered in evidence a purported copy made by himself from the original, which the court properly rejected, because the copy was not the best evidence.

Appellant complains that the court erred in rejecting oral evidence of the appellant himself, to explain the conditions of the bond and other writings between appellant and his deceased father. The respondents in this action are defending as representatives of Job Reynolds and as deriving title through the executor of his last will. The statute provides

in such cases that "a party in interest or to the record shall not be admitted to testify in his own behalf as to any transaction had by him with or any statement made to him by any such deceased or insane person." Bal. Code, § 5991. The court properly rejected the offered evidence.

Upon the record before us, the judgment of the lower court appears to be right. It is therefore affirmed.

ROOT, DUNBAR, HADLEY, FULLERTON, and RUDKIN, JJ., concur.

CROW, J., having been of counsel, took no part.