[No. 6211. Decided August 24, 1906.]

MAIN INVESTMENT COMPANY, *Respondent, v.* OLAUS OLSEN,
*Appellant.*[1]

APPEAL—NOTICE—PROOF OF SERVICE—TIME OF FILING—DISMISSAL
OF APPEAL. Failure to file proof of service of the notice of appeal
within five days after the service of the notice will not justify the
dismissal of an appeal.

APPEAL—BOND—TIME OF FILING—DISMISSAL. Upon failure to file
the bond on appeal within five days after service of the notice of ap-
peal, the appeal becomes ineffectual for any purpose, under Bal.
Code, §6505, and the appeal will be dismissed.

SAME—RECORD—CORRECTING BY SUPPLEMENTAL RECORD. Where the
record shows that the bond on appeal was not filed within five days
after service of notice, the same cannot be contradicted by affidavits
in the supreme court to the effect that it was actually filed on the
day of the service and was not marked filed through the inadvertence
of the clerk of the court, which was unknown to the appellant; but
in such case the appellant may have leave to apply to the court be-
low for an order correcting the record, to be brought up in a supple-
mental transcript.

Motion to dismiss an appeal from a judgment of the su-
perior court for Spokane county, Kennan, J., entered Octo-
ber 26, 1905. Denied conditionally.

*L. H. Prather,* for appellant.

*Gallagher & Thayer,* for respondent.

Root, J.—Respondent moves to dismiss the appeal herein
upon two grounds: First, that appellant did not file his
notice of appeal together with proof of service thereof within
five days after service; second, that appellant did not file an
appeal bond within five days after giving notice of appeal.
The transcript shows that appellant's notice of appeal was
served on November 18, 1905, but that the notice and appeal
bond were not filed until nine days thereafter, to wit, on No-
vember 27th. The first ground assigned is insufficient to

[1]Reported in 86 Pac. 657.

justify a dismissal of the appeal. *Reynolds v. Reynolds,* 42 Wash. 107, 84 Pac. 579.

The second presents a more serious question. Section 6505 of Bal. Code (P. C. § 1053), says:

"An appeal in a civil action or proceeding shall become ineffectual for any purpose unless at or before the time when the notice of appeal is given or served, or within five days thereafter, an appeal bond . . . be filed with the clerk of the superior court, . . ."

Under this section of the statute and numerous decisions of this court, this appeal must be dismissed if, as a matter of fact, the bond was not filed within five days after the notice of appeal was served. Appellant has filed in this court affidavits whereby it is made to appear that the bond was filed, or delivered to the clerk of the superior court for filing, on the same day that the notice of appeal was served, and that appellant had no knowledge or intimation that the same was not filed upon said day until he received respondent's brief containing the motion to dismiss. Respondent moves this court to strike these affidavits for the reason that this court cannot pass upon an issue of fact of this character raised in this manner, but that it must accept the record as certified and sent to it by the superior court. Under numerous rulings of this court, the record cannot be challenged by affidavits in this manner. However, by reason of the facts suggested by these affidavits, we believe it is in the interest of justice to permit this appellant to have the record corrected to speak the truth if the facts be as set forth by him in the affidavits filed herein. If these statements are true, it is evident that the bond was left with the clerk to be filed on the day the notice of appeal was served. If such was the fact, any mistake, inadvertence or oversight on the part of the clerk in not filing said bond until more than five days thereafter ought not to entail upon appellant the hardship of having his appeal dismissed. We will therefore

afford appellant an opportunity to have the record corrected. To that end he may serve notice upon respondent to appear before one of the superior court judges, at his chambers or in the court room at Spokane, to show cause why the record of that court in this cause should not be corrected so as to show that said appeal bond was filed within five days after the time that the notice of appeal was served. If the trial court or a judge thereof finds that said bond was left with said clerk of the court, or his deputies or assistants, for filing at any time within five days after the service of the notice of appeal, an order reciting this finding shall be entered and said bond shall be deemed to have been filed as of that date. Upon a return of the amended record duly certified to this court, the appeal will be considered. At least three day's notice shall be given respondent of the hearing hereinbefore mentioned, and said appellant shall have until the 15th day of September, 1906, within which to bring said matter before the trial court; and upon a determination of the question by the trial court the result shall be promptly certified to this court. Unless the record be returned here in due time showing the bond to have been filed, or deposited with the clerk for filing, within five days after the service of the notice of appeal, the appeal will be dismissed.

. Mount, C. J., Fullerton, and Crow, JJ., concur.