[No. 15667. Department One. March 16, 1920.]

JAMES E. SEARGEANT, *Trustee etc., Appellant,* v.
J. W. RUSSELL, *Respondent.*[1]

APPEAL (222)—NOTICE—FILING PROOF OF SERVICE. An appeal will not be dismissed because of failure to file proof of service of notice of appeal within five days, where the proof was filed later and brought up by supplemental record and no delay or injury resulted.

APPEAL (202)—BOND—CONDITIONS. An appeal bond conditioned that appellant will satisfy the judgment in case of affirmance and any order which the supreme court may make or order is sufficient.

APPEAL (145)—EXCEPTIONS—NECESSITY. A recital in a judgment which is a conclusion based upon facts not stated is not a finding of fact to which specific exceptions need be taken, where no separate findings of fact were made.

FRAUDULENT CONVEYANCES (34)—PREFERENCE—ADEQUACY OF CONSIDERATION—EVIDENCE—SUFFICIENCY. An assignment of all the property of a failing debtor of the value of $1,750, to the debtor's attorney in payment of services past and prospective in two cases, is fraudulent as to creditors, where the trial of one case took but one hour, the other case was at issue for two years, and nothing further was likely to be done in either case, and it was not claimed that the past services were equal to the value of the property.

COSTS (80)—ON APPEAL—UNNECESSARY ABSTRACT. Where the statement of facts consists of less than one hundred pages, no abstract of record is necessary and costs will not be allowed therefor.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered May 29, 1919, dismissing an action in equity, tried to the court. Reversed.

*Greene, Henry & Hemrich,* for appellant.
*Russell & Blinn,* for respondent.

[1]Reported in 188 Pac. 466.

MAIN, J.—This action is brought by a trustee in bankruptcy to set aside an assignment and deed made by the bankrupt to the defendant. The cause was tried to the court without a jury, and resulted in a judgment dismissing the action. From this judgment, the plaintiff appeals.

During the month of April, 1917, there were two actions pending against Prentiss Tucker, one in Grant county and the other in King county. The respondent in this case was the attorney for Prentiss Tucker in each of the cases. The Grant county case was for the purpose of foreclosing a chattel mortgage given to secure a promissory note in the sum of $1,500. The defense pleaded in that case was usury. The case was tried some time in the spring or early summer of the year above mentioned. The trial of the cause took approximately one hour. The trial court took it under advisement, and the attorneys for the respective parties submitted briefs. Some time thereafter, the trial court decided the issues in favor of the plaintiff and entered a judgment of foreclosure. The King county case was begun on November 11, 1915, and was upon an account for goods, wares and merchandise sold and delivered. The answer in this case was a general denial. In this case nothing further has been done, and in the Grant county case nothing was done after the judgment of foreclosure was entered.

On November 22, 1917, Prentiss Tucker, the defendant in each of the two actions above mentioned, executed and delivered to the respondent in this action the following assignment:

"Whereas, an action was begun in the superior court of the state of Washington, for King county, on the 11th day of November, 1915, wherein Gwinn Investment Co., a corporation, was plaintiff, and Prentiss

Tucker was defendant (said action being No. 112048 in the files of said county and court), and

"Whereas, J. W. Russell, of Seattle, Washington, was retained by, and appeared for, the defendant in said action, and is now the attorney for the defendant therein; and

"Whereas, said action is now pending and undetermined, and

"Whereas, an action was begun in the superior court of the state of Washington, for Grant county, on the 6th day of June, 1916, wherein Gwinn Investment Co., a corporation, was plaintiff, and Prentiss Tucker and E. E. Slocum were defendants (said action being No. — in the files of said county and court), and

"Whereas, J. W. Russell, of Seattle, Washington, was retained by, and appeared for, the defendant Prentiss Tucker in said action, and

"Whereas, the said action has been tried, submitted and decided by said court; and

"Whereas, the said J. W. Russell has had no pay for his services in either of said actions, except the sum of $30 heretofore paid thereon; and

"Whereas, the value of the services so performed by said J. W. Russell in said actions, together with the value of his services to be hereafter performed therein is far in excess of the said sum of $30; and

"Whereas, the said Prentiss Tucker has no property or funds out of which to pay for said services, past and prospective, except his interest in the estate of Edward Tucker, deceased, and the personal property hereinafter mentioned;

"Now, therefore, this agreement witnesseth: That the said Prentiss Tucker does hereby sell, transfer and convey unto the said J. W. Russell the following items of personal property, the receipt whereof is hereby acknowledged, to wit:

"17 tablespoons marked 'K'; 17 large forks marked 'K'; 17 small forks marked 'K'; 13 dessert spoons marked 'K'; 6 large forks marked 'P'; 6 tablespoons marked 'P'; 2 tablespoons marked 'A. G. Hunt'; 1 table spoon marked 'A. P.'; 12 coffee spoons (not marked); 11 assorted souvenir spoons( not marked);

1 teaspoon marked 'S'; 1 mustard spoon marked 'Prentiss'; 1 salt spoon (not marked); 1 pair plated sugar tongs; 1 plated pie knife; 2 butter knives marked 'CC'; 1 fork marked 'Eddie Tucker Christmas 1869'; 1 cake knife; one fork marked 'EAW'; 1 large punch ladle; 1 large soup ladle; 13 teaspoons marked 'Prentiss Tucker'; 1 cheese knife in box; 1 heavy perforated spoon in box; and 4 teaspoons marked 'K.'

"And the said Prentiss Tucker hereby sells, assigns, and sets over unto the said J. W. Russell all of his right, title and interest in and to the estate of Edward Tucker, deceased, together with all money and property, both real and personal, which may hereafter be adjudged to be due him therefrom, and he hereby agrees to execute and deliver to said J. W. Russell any and all papers, deeds of conveyance, or otherwise, necessary to transfer the title to any such property or money to said J. W. Russell, according to the terms hereof.

"And the said J. W. Russell hereby agrees to and with the said Prentiss Tucker, that he will, in consideration of the foregoing, continue to represent him, said Prentiss Tucker, in said actions, and in each of them, and will do and perform all necessary and proper acts as his attorney in said two actions, and in each of them, as will fully protect the interest of said Prentiss Tucker therein, and he hereby acknowledges that he has received the foregoing bill of sale and assignment in full satisfaction of all such services, past and prospective.

"In witness whereof, the parties hereto have hereunto set their hands and seals this 22nd day of November, 1917.           Prentiss Tucker, (LS)
"J. W. Russell, (LS)"

A quitclaim deed on the same date was also signed and delivered. This quitclaim deed was given as an aid to the assignment. The value of the property covered by the assignment and deed was approximately $1,750. The silverware described in the assignment was delivered to the respondent at the time

the assignment was made, and was in his possession at the time of the trial. Most of it was Sterling silver and its value was what it would be worth as bullion. At the time that the assignment and deed were made, Prentiss Tucker was indebted to a creditor or creditors in the sum of approximately $4,000, and he was insolvent. On April 6, 1918, and more than four months after the delivery of the assignment and deed, Prentiss Tucker filed a petition in bankruptcy in the Federal court and was adjudged a bankrupt. The appellant in the present action was appointed trustee for the bankrupt, and in that capacity prosecutes this action. The appellant claims that the assignment and deed were fraudulent as against other creditors of Prentiss Tucker. After certain preliminary questions are disposed of, other facts will be stated as they may bear upon the merits.

The respondent moves to dismiss the appeal upon two grounds; first, that no notice of appeal was served "either upon the respondent or upon his attorneys"; and second, upon the ground that no sufficient bond was given to perfect the appeal. The notice of appeal was served within the time specified, but the proof of service was not made until a short time before the cause was to be heard in this court. The proof of service was filed with the clerk of the superior court and brought here by supplemental transcript. Under the holding in *Reynolds v. Reynolds*, 42 Wash. 107, 84 Pac. 579, the appeal should not be dismissed upon this ground. It was conceded in that case that the notice was served within time, but it was contended that the proof of service was late. In this case it is not conceded that the service was made, but the return shows that the service was made within the statutory time.

As to the other ground, the bond was sufficient under

the holding in the case of *King v. Branscheid,* 32 Wash. 634, 73 Pac. 668.

The respondent also objects to this court considering the statement of facts, because he claims that no sufficient exception was taken to the findings in the judgment. No separate findings of fact were made, but the judgment contains certain recitals. Only a general exception was taken to the judgment, and it may be admitted that, if the recitals relied on by the respondent are findings of fact, no proper exception was taken thereto. The recital in the judgment upon which the respondent relies is this:

"That the said assignment and deed, so made, executed, and delivered to the defendant above named by the said Prentiss Tucker was in all respects just, fair and reasonable, and that the same was not an overpayment of the services rendered by said defendant to said Prentiss Tucker, as in said assignment specified."

This recital, however, is a conclusion based upon the facts and not a finding as to the facts. There is no finding as to what the value of the property turned over to the respondent was, or the reasonable value of his services. From these two facts, the court concluded, as the recital in the judgment shows, that the value of the property was equal to the value of the services. Since the recital in the judgment relied on is not a finding of fact, the cases holding that, where the facts are found in a judgment, specific exceptions are necessary, are not applicable.

Upon the merits, the question is whether the assignment and the deed above mentioned were made for a debt which was real and a consideration which was adequate. There is no question but that it is the established law of this state that an insolvent debtor may prefer one or more of his creditors, even if it exhausts

the whole of his property to do so, but this must be done in good faith. The debt must be real, the payment actual, and the consideration adequate. In *National Surety Co. v. Udd,* 65 Wash. 471, 118 Pac. 347, it was said:

"It is the established law in this state that an insolvent debtor may prefer one or more of his creditors even if it exhausts the whole of his property to do so. *McAvoy v. Jennings,* 44 Wash. 79, 87 Pac. 53; *Vietor v. Glover,* 17 Wash. 37, 48 Pac. 788, 40 L. R. A. 297; *Troy v. Morse,* 22 Wash. 280, 60 Pac. 648; *West Coast Grocery Co. v. Stinson,* 13 Wash. 255, 43 Pac. 35. But it must be done in good faith. The debt paid must be real, the payment actual, the consideration adequate. It must not be designed to prevent other creditors ever being paid. The preferred debt must not be used as a colorable consideration to protect the debtor's property from other claims or to delay or hinder their enforcement. The transfer must not be tainted with any secret trust for the debtor. Bump, Fraudulent Conveyances (4th ed.), §§ 172, 173, 174."

Under the rule stated in that case, if the debt for which Prentiss Tucker made the assignment and deed was not real or the consideration was not adequate, the transaction cannot be sustained in an action brought for and on behalf of other creditors of the insolvent debtor.

The attorneys for the appellant in this case were the attorneys for the plaintiffs in the Grant county case and the King county case above mentioned. The defendant, the respondent here, was the attorney for the defendant, Prentiss Tucker, in each of those cases. The attorney who tried the Grant county case for the plaintiff testified that a reasonable fee for the attorney for the defendant in that case would be $150. The attorney who handled the King county case for the plaintiff testified that a reasonable fee for the work done for the defendant in that case would be $50. The respond-

ent testifies that a reasonable fee for the work which he had done in the Grant county case and which he might have been called upon to do under the terms of the assignment was $750, and in the King county case $1,200. Neither party to this action called as witnesses disinterested attorneys to prove the value of the respondent's services in the two cases mentioned. It is probable that the testimony for the appellant places too low an estimate upon the services, and that the testimony of the respondent places a value thereon much too high. The assignment recites that the respondent in each of the cases was to perform all necessary acts to protect the interests of Prentiss Tucker therein, and that the assignment was made in full consideration of all services "past and prospective." The respondent testified:

"Now, the services in those two cases were covered by that assignment, including the taking of those cases, as I was bound to in case I was requested so to do, to the supreme court, and the preparing papers and preparing and arguing them, was worth at least the sum of $750 in the Grant county case and at least the sum of $1,200 in the King county case."

The Grant county case was never appealed, and there is no evidence that Prentiss Tucker ever intended to have it appealed to this court. In the King county case, which had been pending for more than two years when the present case was tried, nothing had been done except the filing of the answer. Prentiss Tucker having been adjudged a bankrupt, it is reasonably certain that nothing further will be done in the King county case. As we understand the testimony, the respondent does not claim that the services which he had rendered prior to the assignment were equal to the value of the property which he received, which was approximately $1,750. A portion of the services, at

least, were contingent upon a request from Prentiss Tucker which had not been made at the time of the assignment, and has not since been made. The time for appealing in the Grant county case has elapsed. Under the facts in this case, the transfer of Prentiss Tucker of the property covered by the assignment was for a debt that was not real and for a consideration that was not adequate. It cannot, therefore, be sustained.

The statement of facts in this case consisted of less than one hundred pages, and the respondent moved to strike the appellant's abstract for that reason, the purpose apparently being to avoid that item of cost in the event that the appeal went against him. The statement of facts being less than one hundred pages, no abstract was required, and no costs will be taxed therefor.

The judgment will be reversed, and the cause remanded to the superior court to enter a judgment setting aside the assignment and quitclaim deed.

HOLCOMB, C. J., PARKER, MITCHELL, and MACKINTOSH, JJ., concur.