[No. 16013. Department Two. January 8, 1921.]

# W. L. GAZZAM et al., Respondents, v. J. R. YOUNG et al., Appellants.[1]

LANDLORD AND TENANT (27)—DISTINCTION BETWEEN ASSIGNMENT AND SUBLEASE. An instrument in the form of lease executed by a lessee and subletting the premises for the full term in the exact terms of the original lease, operates as an assignment.

SAME (126, 139)—UNLAWFUL DETAINER—EXISTENCE OF CONVENTIONAL RELATION—PARTIES BY AND AGAINST WHOM ACTION LIES. An assignment of the lease without the knowledge or consent of the landlord, leaves the original lessee as his tenant; and the landlord may maintain unlawful detainer against the tenant and the subtenants.

SAME (15)—LEASE—CONDITIONS — STIPULATION AGAINST "TRANSFER." A lease providing that the same shall not be "transferred" without the written consent of the lessor cannot be "assigned" without such consent.

APPEAL (222)—REQUISITES FOR TRANSFER—NOTICE—FILING—PROOF OF SERVICE. An appeal will not be dismissed because of failure to file proof of service of notice of appeal within five days, where the

[1]Reported in 194 Pac. 810.

proof was filed later and brought up by supplemental record and no delay or injury resulted.

LANDLORD AND TENANT (147)—UNLAWFUL DETAINER—DOUBLE DAMAGES. In unlawful detainer against a lessee and against subtenants to whom the lease had been assigned without the written consent of the lessor, damages in twice the amount of damages assessed and overdue rent must be awarded against the original lessee as well as against the subtenants.

Cross-appeals from a judgment of the superior court for King county, Smith, J., entered April 19, 1920, upon findings in favor of the plaintiff, in an action for unlawful detainer. Affirmed on defendants' appeal; reversed on plaintiffs' appeal.

*Kelleran & Hannan,* for appellant Young.

*Silvain & Butler,* for appellants Kuwabara.

*Edwin James Brown* and *Chadwick, McMicken, Ramsey & Rupp,* for respondents.

MOUNT, J.—This is an action of unlawful detainer. It was brought under the provisions of § 812, subd. 4, Rem. Code, which reads as follows:

"A tenant of real property for a term less than life is guilty of unlawful detainer either, . . .

"(4) When he continues in possession in person or by subtenant after a neglect or failure to keep or perform any other condition or covenant of the lease or agreement under which the property is held, including any covenant not to assign or sublet, than one for the payment of rent, and after notice in writing requiring . . . in the alternative the performance of such condition or covenant or the surrender of the property, served (in the manner provided in this act) upon him, and if there be a subtenant in actual possession of the premises, also upon such subtenant, shall remain uncomplied with for ten days after service thereof. Within ten days after the service of such notice the tenant, or any subtenant in actual occupation of the premises, or any mortgagee of the term, or other per-

son interested in its continuance, may perform such
condition or covenant and thereby save the lease from
such forfeiture.''

The trial of the case to the court without a jury
resulted in a judgment to the effect that plaintiffs
were entitled to the immediate possession of the prem-
ises against all the defendants, and to a judgment in
the sum of $8,213 against the defendants Kuwabara
but for costs only against the defendant Young. All
the parties have appealed. They will therefore be
referred to in this opinion as parties plaintiff and de-
fendant.

The undisputed facts are as follows: In August of
1918, the plaintiffs were the owners of an apartment
house in the city of Seattle known as the Lafayette
apartments. On August 8 of that year, the plaintiffs
leased to the defendant Young these apartments for
the period of five years, at a rental of $33,000, pay-
able $550 per month. This lease was signed and ac-
knowledged on August 20, 1918. This lease from
plaintiff Gazzam to defendant Young, among other
things, contained the following provision:

''This lease is not to be transferred without the
written consent of the lessor.''

On August 19, the day before the lease from Gazzam
to Young was executed, Mr. Young entered into a lease
with Mrs. A. D. Craig for the same premises and for
the same term for the sum of $42,000, payable $700
per month. Mr. Gazzam did not give written consent
to this lease from Young to Craig. The lease from
Young to Craig was a formal lease substantially the
same as the lease from Gazzam to Young, and so far
as appeared upon the face of the lease, Mr. Young was
the owner of the apartment house. On October 10,
1918, Mrs. Craig, with the consent of Mr. Young, as-

signed her lease to H. Hoffman and others. There-
after Mr. Hoffman, on February 3, 1919, with the
consent of Mr. Young, assigned the lease to the
defendants Kuwabara. Thereafter on August 29,
1919, the statutory demand was made in writ-
ing by the plaintiffs, as provided by the statute
above quoted, and notice of forfeiture given for
breach of the covenant because the lease from plain-
tiffs was transferred without the written consent of
the lessor. None of the defendants complied within
the statutory period, and thereupon this action was
brought.

At the trial of the case, it was sought by the de-
fendants to show that plaintiffs knew of the lease from
Young to Craig, and thereby waived the provision in
the lease that it was not to be transferred without the
written consent of the lessor, and that the plaintiffs
are now estopped to contend otherwise. This was a
disputed question of fact upon the trial. The defend-
ants Young and Kuwabara argue here that the great
weight of the evidence is to the effect that Gazzam
knew of the lease from Young to Craig before the lease
was executed by Gazzam to Young, and that Gazzam
made no objection thereto but consented to that lease.
On the other hand, Mr. Gazzam stoutly denied that he
knew of the lease from Young to Craig or the assign-
ment from Craig to Hoffman, or the assignment from
Hoffman and others to Kuwabara, until just before
this action was begun; that immediately upon learning
the fact that Young had assigned his lease, Gazzam
gave the statutory notice and brought this action.

As we have said, this was the main disputed ques-
tion of fact. The trial court, after seeing and hearing
the witnesses, concluded that Mr. Gazzam had no
notice or knowledge of the transfer of the lease by

Mr. Young to the other parties. On reading the record in the case, we are disposed to agree with the trial court upon that question.

The defendant Young contends that this action can be maintained only where the conventional relation of landlord and tenant exists. He argues further that, if the lease from Mr. Young to Mrs. Craig is an assignment of his interest in the premises, he has assigned his whole interest and is not in possession and for that reason cannot be made a party to the action. He also argues that, if the Kuwabaras are in possession under an assignment from Young, these tenants are not the tenants of Mr. Young and for that reason Mr. Young cannot be made a party; and that, if the Kuwabaras were subtenants, then there has been no violation of the terms of the lease against an assignment. We think there can be no question but that the lease executed by Mr. Young to Mrs. Craig was an assignment of the interest of Mr. Young in the premises. The lease executed by Mr. Young to Mrs. Craig was for the full term of the lease. It provided substantially the same as the original lease from the plaintiffs to Mr. Young. In the case of *Sheridan v. Doherty*, 106 Wash. 561, 181 Pac. 16, we said:

"It is established that, if a lessee sublet the premises or a portion of the premises for the entire term or the remainder of a term, the subletting will operate as an assignment either of the entire estate or *pro tanto* as the case may be."

And in *Weander v. Claussen Brewing Ass'n*, 42 Wash. 226, 84 Pac. 735, 114 Am. St. 110, 7 Ann. Cas. 536, we said:

"The instrument is in the form of a lease, and contains apt words designating it as such; but it covers the entire term which respondent has acquired by its own lease. No portion of the term whatever is re-

served for reversion to respondent. It is conceded that the terms and covenants of the instrument are in the exact words of the lease held by respondent, and no other or new covenants are included therein. We think, under the authorities, that the legal effect of such an instrument is that of an assignment in full of the lease by its holder."

It follows from these decisions that, when Mr. Young executed the lease from himself to Mrs. Craig for the full term of the lease which he had obtained from Mr. Gazzam, and in substantially the language of that lease, that amounted to an assignment of his lease from Mr. Gazzam. Mr. Gazzam, according to the evidence, did not waive his right to require written consent of a transfer and the trial court found that he did not know of the transfer. It follows that, since Mr. Gazzam did not authorize the lease, either orally or by writing, he may hold Mr. Young as his actual tenant. The words in the statute which we have quoted above, "when he continues in possession in person or by subtenant," the word "subtenant" here means any person holding under authority of a tenant. The defendants Kuwabara hold by assignment from Mr. Young. They are in substance his tenants while Mr. Young is the tenant of Mr. Gazzam, the original lessor. Therefore when Mr. Young without the consent of Mr. Gazzam leased the premises to others for the full term the others became his subtenants. Mr. Gazzam has a right to look to Mr. Young at all times for the rent and for compliance with the terms of the written lease between Mr. Gazzam and Mr. Young. Upon this question, we said in *Sheridan v. Doherty, supra:*

"The transaction may be called a lease between the second and third parties and nevertheless operate as an assignment as between the original lessor and such third party. 16 R. C. L., pp. 824, 825. When the ques-

tion is raised between the owner and the sublessee, the courts have not hesitated to look to the legal effect of the contract.''

See, also, 1 Underhill, Landlord and Tenant, 626.

The legal effect of the lease from Mr. Young to Mrs. Craig and her assignees was an assignment. As between Mr. Gazzam and Mr. Young, that assignment amounted to nothing because Mr. Gazzam did not consent to it and did not know of it. We think there can be no question, therefore, about the right of the plaintiff to make both Mr. Young and his tenants in possession parties to the action.

It is also argued by the defendants that, because the lease from Mr. Gazzam to Mr. Young uses the words ''this lease is not to be transferred without the written consent of the lessor,'' the defendant Young was not prevented thereby from assigning the lease; but we are satisfied it was the intention that there should be no assignment or transfer of the leased property without the written consent of the lessor. The word ''transfer,'' as defined by Webster's International Dictionary, means,

''The conveyance of right, title or property . . . from one person to another, whether by sale, by gift, or otherwise; any act by which the property of one person is vested in another.''

This word is held in *Hendrick v. Daniel,* 119 Ga. 358, 46 S. E. 438, to have a broader meaning than assignment, and covers any act by which the owner of anything delivers or conveys it to another with intent to pass his rights therein. We are satisfied it was the intention of the parties that there should be no transfer of the property or assignment of the lease without the written consent of the original lessor.

It follows that the complaint stated a cause of action, and the trial court properly found that there had

been an assignment of the lease without the written consent of the original lessor, and therefore the plaintiffs were entitled to recover under the unlawful detainer statute.

Referring now to the appeal of the plaintiff. The court entered a judgment for double the amount of rent due against the defendants Kuwabara only, and refused to enter a judgment against Young. The plaintiffs have cross-appealed from that part of the judgment. The defendants have moved to dismiss the cross-appeal because the proof of service of the notice was not filed within ninety days. It is argued that the filing of the proof of this service is jurisdictional. In the case of *Seargeant v. Russell,* 110 Wash. 216, 188 Pac. 466, in ruling upon this identical question, we said:

"The notice of appeal was served within the time specified, but the proof of service was not made until a short time before the cause was to be heard in this court. The proof of service was filed with the clerk of the superior court and brought here by supplemental transcript. Under the holding in *Reynolds v. Reynolds,* 42 Wash. 107, 84 Pac. 579, the appeal should not be dismissed upon this ground."

The motion in this case comes within that rule.

From what we have already said, the defendant Young was guilty of unlawful detainer of the premises because he was in possession by the tenant holding under him. Section 827, Rem. & Bal. Code, provides:

"If upon the trial . . . the finding of the court be in favor of the plaintiff and against the defendant, judgment shall be entered for the restitution of the premises; and if the proceeding be for unlawful detainer after neglect or failure to perform any condition or covenant of a lease or agreement under which the property is held, or after default in the payment of rent, the judgment shall also declare the forfeiture of

the lease, agreement, or tenancy. The jury or the court . . . shall also assess the damages occasioned to the plaintiff by any forcible entry, or by any forcible or unlawful detainer . . . and if the alleged unlawful detainer be after default in the payment of rent, find the amount of any rent due, and the judgment shall be rendered against the defendant guilty of the forcible entry, forcible detainer, or unlawful detainer for twice the amount of damages thus assessed and of the rent, if any, found due."

It appears that no rent was paid to Mr. Gazzam from September 1, 1919, to April 20, 1920. Double damages were claimed and should have been assessed against Mr. Young as well as against the defendants Kuwabara. *Newman v. Worthen*, 57 Wash. 467, 107 Pac. 188; *Hinckley v. Casey*, 45 Wash. 430, 88 Pac. 753.

As to the defendant Young, the judgment of the court is reversed with directions to enter a judgment against him for the same amount as was rendered against the defendants Kuwabara. The plaintiffs will recover their costs on this appeal.

HOLCOMB, C. J., MITCHELL, MAIN, and TOLMAN, JJ., concur.