[No. 22548. Department Two. October 8, 1930.]

G. W. PARCHEN, *Appellant*, v. DELLA HAUSCHILD, *as Administratrix, Respondent.*[1]

*Stephen E. Chaffee,* for appellant.

*Thos. H. Wilson,* for respondent.

[1]Reported in 292 Pac. 116.

HOLCOMB, J.—In an amended complaint filed in the lower court by appellant against respondent, it was substantially alleged:

That Emma R. Vandament died in Grandview, Yakima county, Washington, on about December 10, 1925, leaving an estate therein subject to administration; that, on or about January 2, 1926, Della Hauschild was appointed administratrix of the estate of deceased, and thereafter duly qualified and has, at all times since that date, been the duly appointed, qualified and acting administratrix of the estate; that Dr. O. L. Mayenschein was, during all the times mentioned in the complaint, a duly licensed physician practicing at Grandview; that, at the special instance and request of the deceased, Dr. Mayenschein rendered medical services to the decedent from April 1, 1925, until the date of her death on December 10, 1925, of the reasonable value of $558; that, subsequent to the death of decedent, defendant did, on January 12, 1926, pay to Dr. Mayenschein, to be applied on the foregoing bill for medical services, the sum of thirty-nine dollars, and on March 8, 1926, paid the further sum to Dr. Mayenschein of forty-two dollars to apply on the account, leaving a balance unpaid thereon of $477.

That, on about July 18, 1928, Dr. Mayenschein, for a valuable consideration, assigned and transferred his claim to plaintiff, a copy of which assignment was filed with the clerk of the superior court on July 20, 1928, and defendant was notified of the assignment and transfer of the claim to plaintiff; that, within six months after the date of the appointment of defendant as administratrix, to wit, on June 15, 1926, Dr. Mayenschein, the claimant, prepared and verified in duplicate a claim against the estate in the form prescribed by law for the sum of $477, which claim was duly verified before a notary public; that, on June 15, 1926, an original copy

of the claim against the estate was served by O. L. Mayenschein upon J. C. Hauschild, attorney for the estate, by delivering to and leaving with him a claim, duly verified, with an itemized account thereto attached showing a balance unpaid of $477.

That, on about June 16, 1926, an original copy of the claim in the form prescribed by statute was filed in the superior court by the clerk thereof, which claim was duly marked filed by the clerk and placed in the files of the estate; that, thereafter and on about April 6, 1929, proof of service of the claim upon J. C. Hauschild, attorney for the estate, was filed with the clerk of the court; that the estate of Emma R. Vandament, deceased, was, during all the times mentioned, pending in superior court of Yakima county; that J. C. Hauschild was attorney for the estate and was the husband of the administratrix thereof; that the claim of Dr. Mayenschein for $477 was served upon J. C. Hauschild at his office in Grandview, Washington; that, on about April 29, 1929, plaintiff received, by registered mail, from defendant a notice stating that his claim was rejected by her as administratrix of the estate; that, on September 19, 1929, defendant caused to be filed with the clerk of the superior court of Yakima county in the files of the estate proof of publication of notice to creditors, showing the first publication to have been had on January 8, 1926.

That the administratrix caused an inventory of the property belonging to the estate situated in Yakima and Adams counties to be appraised as provided by law; that the total appraised value of the property was $4,600; that defendant is the daughter and sole heir at law of Emma R. Vandament, deceased; that the real estate belonging to the estate is free from incumbrance; that the only other claim filed against the estate was the claim of The Haskins Company, funeral

directors, in the sum of $278, which claim has already been ·fully paid and satisfied, and the only person interested in the estate is defendant.

That defendant has filed a final account as administratrix of the estate, in which she alleges that the expenses of the last sickness have been fully paid and discharged, which is untrue and incorrect; that, in the final account, she states that all expenses of the administration have been paid or waived; that, as a matter of fact, the only claim against the estate is the claim herein set forth, and the assets of the estate are more than ample to pay the same; that, in making the payments on the claim herein in the sum of eighty-one dollars as alleged, defendant allowed the claim; that, on numerous occasions, defendant orally stated to Dr. Mayenschein that the claim had been allowed and would be paid in the course of the administration, and never at any time prior to the receipt of the notice of April 29, 1929, did defendant refuse to pay the same.

To this amended complaint, defendant demurred on four statutory grounds. The demurrer was sustained as to the ground that the amended complaint does not state facts sufficient to constitute a cause of action. Appellant stood upon his amended complaint and the cause was dismissed. On appeal, appellant contends that there are three questions for determination by us as follows:

(1) Was the claim of Dr. Mayenschein properly presented under Rem. Comp. Stat., § 1477?

(2) If the claim was not properly presented, was it allowed by the administratrix?

(3) Did respondent as administratrix waive irregularities, and is she estopped?

The controlling statute, Rem. Comp. Stat., § 1477, reads:

"Every executor or administrator shall, immediately after his appointment, cause to be published in some newspaper printed in the county, if there be one, if not, then in such newspaper as may be designated by the court, a notice that he has been appointed and has qualified as such executor or administrator, and therewith a notice to the creditors of the deceased, requiring all persons having claims against the deceased to serve the same on the executor or administrator or his attorney of record, and file with the clerk of the court, together with proof of such service, within six months after the date of the first publication of such notice. Such notice shall be published not less than once in each week for three successive weeks, or for such further time. as the court may direct. If a claim be not filed within the time aforesaid, it shall be barred. Proof by affidavit of the publisher of the publication of such notice shall be filed with the court: Provided, however, in cases where all the property is awarded to the widow, husband or children as in this act provided, the notice to creditors herein provided for may be omitted."

The particular in which the trial court agreed with respondent in sustaining the demurrer was that proof of service of the claim was not filed within six months after the date of the first publication of notice to creditors. It will be noticed that proof of service of the claim was not filed in the office of the clerk of the superior court until April 6, 1929, which was three years, three months and eighteen days after the first publication of the notice to creditors.

The statute requires notice to be given by the executor or administrator of his appointment and qualification, and therewith a notice to the creditors of the deceased, requiring all persons having claims against the deceased to serve the same on the executor or administrator or his attorney of record and file with the clerk of the court, *together with proof of such service,* within six months after the date of the first

publication. It is further provided that, if a claim is not filed within the time aforesaid, it shall be barred.

We have consistently held that our statute of non-claim is mandatory and must be strictly pursued. *First Security & Loan Co. v. Englehart,* 107 Wash. 86, 181 Pac. 13. We there reaffirmed a pronouncement in *Ward v. Magaha,* 71 Wash. 679, 129 Pac. 395, that claims against estates are collectible under the statute, and not otherwise.

The allegations in the amended complaint in this case bring it into similarity with the case of *In re Thompson's Estate,* 110 Wash. 635, 188 Pac. 784, where many claims, some of considerable magnitude, were denied by this court, one being that of the physician of the deceased, because, while they were presented to the administrator within the statutory period and allowed both by him and by the court, they were not filed with the clerk of the court until after the expiration of the six months' period. It is there said:

"The question, therefore, to be determined is, whether or not those three claims were properly allowed and paid. We are forced to the conclusion that they were not. The statute expressly requires that all claims shall be filed with the clerk of the court, together with proof of service upon the administrator, within six months from the date of first publication of notice to creditors, and that, if not so filed, they shall be barred. To hold that these claims which were filed on May 18, 1919, were properly allowable and properly paid, would be to read out of the statute express and explicit provisions thereof. . . .

"The purpose of the new code, in requiring claims to be filed with the county clerk within a definite period, is manifest. It is well known that many disputes and controversies arose under the old code as to whether a claim had been presented to the administrator within the statutory period. The provision in the new code requiring claims to be filed with

the county clerk was for the express purpose of avoiding these controversies and disputes. We must hold that the new code, requiring claims to be filed within six months, means just what it says.''

The reasoning of the court in that case as to the importance of *filing* the claim is no more cogent than as to the importance of filing, with the claim, proof of service thereof within six months, in order to avoid contentions as to whether a claim had been presented to the administrator within the statutory period.

Compare *Baumgartner v. Moffatt,* 113 Wash. 493, 194 Pac. 392; *Swan v. Dillabough,* 118 Wash. 132, 203 Pac. 19, and *Davis v. Shepard,* 135 Wash. 124, 237 Pac. 21. In the last cited case, Judge Mackintosh took occasion to say:

''In keeping with the legislative spirit, this court has made no exceptions to the statute, and to now do so on the theory of equitable estoppel would be to drive an entering wedge which will tend to confusion and delay. . . . Hardship is bound to result in some instances whichever rule is followed, but in the long run it would seem that a strict compliance with the statute with no estoppel against its use as a bar is the more safe and sensible rule.''

In one case, *In re Johnston's Estate,* 107 Wash. 25, 181 Pac. 209, cited by appellant as announcing a rule that relaxes the strictness of the nonclaim statute where creditors held claims back in order to facilitate administration of the estate, and the claims were not presented within a year and not approved either by the administrator or the court, except in the final report, this court held that petitioners should not be permitted to profit by the irregularity.

In that case, claims against the estate which were presented after the expiration of the statutory time, some of which bore no indorsement of approval of either the administrator or the judge, were paid by

the administrator, which we said was, no doubt, irregular, but we also, at the same time, said:

"If the question were presented here by the holder, attempting to enforce payment upon a claim lacking something which the statute required him to do, we should be obliged to hold that the law would give him no relief. *Butterworth v. Bredemeyer,* 89 Wash. 677, 155 Pac. 152; *In re Parkes' Estate,* 105 Wash. 586, 178 Pac. 830."

That is the very situation in this case. It is the holder of a claim attempting to enforce payment of it after having failed to comply with the statute of nonclaim as to filing with his claim his proof of service thereof, within six months, the same as the claim is required to be filed.

Appellant also cites the recent case of *In re Fotheringham's Estate,* 154 Wash. 130, 281 Pac. 337. In the last cited case, it was the sole owner of the estate who had agreed upon the disposal of the principal property of the estate, and, in order to do so, it was necessary that the debts and claims against the same be first paid. She being the sole beneficiary, the property being community property of herself and deceased husband, the debts being community debts, the disposition of the estate was for her benefit, and she was held to have waived the strict compliance with the statute, and was thereby estopped. The principle applied was the same as in the *Johnston's Estate* case, *supra,* although that case was not cited.

Appellant argues that there is an analogy under the statute in this case and that under our statute of appeals, Rem. Comp. Stat., § 1719, which reads:

"The party desiring to appeal may, by himself or his attorney, within the time prescribed in section 1718, serve written notice on the prevailing party or his attorney that he appeals from such judgment or order to

the supreme court, and within five days after the service of such notice he shall file with the clerk of the superior court the original or a copy of such notice, with proof or the written admission of the service thereof, and thereupon the clerk shall enter such notice, with the proof or admission of service thereof, in the journal of the court.''

Appellant cites the following cases as having relieved litigants from a literal compliance with the requirement as to the filing of proof of service of such notices on appeal: *Reynolds v. Reynolds,* 42 Wash. 107, 84 Pac. 579; *Seargeant v. Russell,* 110 Wash. 216, 188 Pac. 466; *Gazzam v. Young,* 114 Wash. 66, 194 Pac. 810; *State v. American Fruit Growers,* 135 Wash. 156, 237 Pac. 498.

The answer to this contention is that, under the appellate procedure statutes, this court has always endeavored to interpret the same with a measure of liberality. On the contrary, as must be seen by an examination of our cases, we have always required strict compliance with the statute of nonclaim in probate proceedings. Both have obvious and just reasons for their support.

The cases on appellate procedure are not analogous with the case at bar.

Appellant also contends that the payment of eighty-one dollars made by respondent on the alleged claim of Dr. Mayenschein was an acknowledgement of the claim, and that she is thereby estopped to now dispute the claim. The answer to this is that these alleged payments were made in January and March, 1926, long prior to the filing of the doctor's claim. There could thus be no acknowledgement of a claim not yet filed.

The contention that respondent orally stated that the claim had been allowed and would be paid in due

58

course of administration makes the claim valid, is of no more force. It affirmatively appears in the complaint that, of record, the claim was formally rejected.

Under our statute of nonclaim and our decisions relating to the same, there is no escape from the conclusion that the order and judgment were right. They are, therefore, affirmed.

MILLARD, FULLERTON, PARKER, and MAIN, JJ., concur.