[No. 29569. *En Banc.* October 11, 1945.]

*In the Matter of the Estate of* JOHN HENRY YAND, *Deceased.*[1]

[1]Reported in 162 P. (2d) 434.

*Copass, Hall & Smith,* for appellants.

*Wm. V. Cowan,* for respondent.

MILLARD, J.—John Henry Yand died intestate in Renton, Washington, in October, 1942, when he was more than ninety years old. His daughter, Ethel Martin, was duly appointed administratrix of the estate and thereafter duly qualified. The heirs of the deceased are Ethel Martin and two children of a deceased son, his grandchildren, Clarence T. Yand and Marian Y. Eckert. During the course of the administration, Ethel Martin, with whom her father lived for a number of years prior to his death, individually filed her claim in the amount of $2,520 against the estate for care and support of, and money advanced to, the deceased. The inventory of the estate disclosed that deceased left money in a Seattle bank in the sum of $4,317. Over objection of decedent's two grandchildren, the court entered an order November 27, 1944, which allowed in full the claim of decedent's daughter, Ethel Martin. The two grandchildren served notice of appeal from that order upon Ethel Martin December 11, 1944. That notice of appeal with proof of service was filed in the office of the clerk of the superior court for King county, January 9, 1945. Appeal bond was filed December 12, 1944.

While the appeal was pending, appellants entered into an agreement with respondent, and the parties filed a stipulation in this court requesting that the cause be remanded to the superior court for King county with direction to enter an order distributing the assets of the estate in accordance with the agreement. A few days subsequently,

respondent filed a motion to dismiss the appeal on the ground that appellants did not, within five days after service of the notice of appeal upon respondent, file with the clerk of the superior court for King county the original or a copy of such notice with proof or the written admission of the service thereof.

The question presented is whether the failure to file, within five days after the service of written notice of appeal upon the prevailing party, with the clerk of the superior court, the original or a copy of such notice with proof or the written admission of the service thereof, is a jurisdictional defect in the perfecting of the appeal.

Rule 5 (3), Rules of Supreme Court, 18 Wn. (2d) 4-a, incorporates into and makes a part of the rules covering the matter of appeals in civil cases, Rem. Rev. Stat., § 1719 [P. P. C. § 5-11] (Laws of 1893, chapter 61, p. 120, § 4), under which the party desiring to appeal must, within thirty days after the entry of the final judgment or order from which the appeal is taken, serve written notice on the prevailing party or his attorney that he appeals from such judgment or order to the supreme court,

" . . . and within five days after the service of such notice he shall file with the clerk of the superior court the original or a copy of such notice, with proof or the written admission of the service thereof, and thereupon the clerk shall enter such notice, with the proof or admission of service thereof, in the journal of the court. The giving or service of a notice of appeal as prescribed in this section shall effect the appeal, but the same shall become ineffectual if an appeal bond for costs and damages be not given . . . ."

within time prescribed by another rule, with which we are not concerned in this cause.

The order from which the appeal was taken was filed November 27, 1944. The notice of appeal was served December 11, 1944, which was timely. Copy of notice of appeal, with proof of service thereof, was filed in the office of the clerk of the superior court January 9, 1945, which was twenty-nine days after service of notice of appeal upon

respondent (the prevailing party), whereas the rule requires that the original or copy of such notice of appeal, with proof or the written admission of the service thereof, shall be filed with the clerk of the superior court within five days after service of the notice of appeal on the prevailing party.

Rem. Rev. Stat., § 1719, which is made subd. (3) of Rule 5, *supra*, was enacted in 1893. It is § 4, chapter 61, p. 120, Laws of 1893, and has never been amended by the legislature or by rule promulgated by this court.

Appellants contend that Laws of 1899, chapter 49, p. 79, (Rem. Rev. Stat., § 1734 [P. P. C. § 5-61]), which provides that no appeal shall be dismissed for any defect in the notice of appeal or the service thereof if the appellant shall forthwith perfect the appeal, modified the requirements of Rem. Rev. Stat., § 1719.

Be it remembered that there has never been any amendment of Laws of 1893, chapter 61, § 4, which is Rem. Rev. Stat., § 1719. Laws of 1893, chapter 61, p. 129, § 19 (Rem. Rev. Stat., § 1734) was amended by Laws of 1899, chapter 49, and is the present Rem. Rev. Stat., § 1734, to which reference is made in Rule 5 (6) of this court.

That the position of appellants is untenable is manifest if one compares chapter 61, Laws of 1893 with chapter 49, Laws of 1899 and then reads § 4, chapter 61, Laws of 1893, which has not been amended since enactment. Section 19, chapter 61, Laws of 1893, as amended by chapter 49, Laws of 1899 (Rem. Rev. Stat., § 1734) reads as follows:

"Sec. 19. If the supreme court on the hearing of any such motion or motions shall find the grounds or any thereof alleged, for the same, to be well taken and true in [fact] *effect,* the court may grant the same in whole or in part, but when any such motion does not go to the substance of the appeal, or to the right of appeal, and the court shall be of the opinion that the moving party can be compensated in costs, or by the imposition of other terms for any delay of the appellant which is made the ground of any such motion (except a failure to take the appeal within the time limited by law) the court, in its discretion, may deny the motion on such terms as may be just. The court shall

upon like terms allow all amendments in matters of form, curative of defects in [appellate] proceedings, to the end that substantial justice be secured to the parties, and no appeal shall be dismissed for any informality or defect in the notice of appeal, *the appeal bond,* or the service of *either* thereof, *or for any defect of parties to the appeal if the appellant shall forthwith, upon order of the supreme court, perfect the appeal* [ . . . if from the notice or other parts of the record on appeal it appears that the adverse party has had sufficient notice of the appeal, describing the judgment or order appealed from with such certainty that his substantial right would not be prejudiced by the hearing of the appeal]."

In the section above quoted, we have italicized the language added by the 1899 amendment and have placed in brackets the language deleted by the 1899 statute.

Rule 5 (3) (Rem. Rev. Stat., § 1719 [P. P. C. § 5-11]), Laws of 1893, chapter 61, § 4 is clear. Our opinions from the time of the enactment of Laws of 1893, chapter 61, § 4 (now Rem. Rev. Stat., § 1719) to ten years subsequent to the amendment of Laws of 1893, chapter 61, § 19, by Laws of 1899, chapter 49 (now Rem. Rev. Stat., § 1734), which was not intended to—and could not—cure jurisdictional defects, were in harmony with Laws of 1893, chapter 61, § 4 (now Rem. Rev. Stat., § 1719) which required that, within five days after service of appeal upon prevailing party, appellant file with the clerk of the superior court the original or a copy of such notice, with proof or the written admission of service thereof. The rule cited provides that the giving or service of notice of appeal as prescribed by the rule shall effect the appeal; otherwise, not.

The overwhelming weight of authority is to the effect that jurisdiction is conferred upon the appellate court only in the manner provided by statute or court rule, and where there is a failure to comply with the rule providing for perfecting of an appeal, no jurisdiction is conferred. Parties to litigation, we have so frequently held as to obviate necessity of citation of our opinions on that subject, cannot, by agreement, confer jurisdiction upon this court.

We held in *Watson v. Pugh,* 9 Wash. 665, 38 Pac. 163, that, under § 4, chapter 61, Laws of 1893, which required the notice of appeal with proof of service thereof to be filed with the clerk of the superior court within five days after such service, proof of service upon all the parties in whose favor the judgment appealed from was rendered must be filed within that time. That opinion was filed in 1894. To the same effect is *Howard v. Shaw,* 10 Wash. 151, 38 Pac. 746; *Ward v. Springfield Fire & Marine Ins. Co.,* 12 Wash. 631, 42 Pac. 119; *State v. Butler,* 19 Wash. 110, 52 Pac. 521; *Van Dusen v. Kelleher,* 20 Wash. 716, 56 Pac. 35; *Best v. Best,* 22 Wash. 695, 60 Pac. 58.

In 1905, we held in *Collins v. Kinnear,* 37 Wash. 453, 79 Pac. 995, that where notice of appeal with proof of service was not filed within five days after service thereof on the parties necessary to be served to perfect the appeal, the appeal would be dismissed.

In 1906, in *Main Inv. Co. v. Olsen,* 43 Wash. 480, 86 Pac. 657, we held that where proof of service of notice of appeal was not filed until nine days after notice of appeal was served, the appeal would not be dismissed.

In *Reynolds v. Reynolds,* 42 Wash. 107, 84 Pac. 579, which was decided in 1906, we refused to dismiss an appeal where appellant failed to file proof of service within five days. We held for the first time that Laws of 1899, chapter 49 (Rem. Rev. Stat., § 1734) materially changed the prior act and authorized disregard of Rem. Rev. Stat., § 1719. That that was erroneous is clear from a reading of chapter 49, Laws of 1899 and § 19, chapter 61, Laws of 1893, which was amended by chapter 49, Laws of 1899. The amendment did not relate to or concern Rem. Rev. Stat., § 1719.

In *Seargeant v. Russell,* 110 Wash. 216, 188 Pac. 466, we followed *Reynolds v. Reynolds, supra.* In *Gazzam v. Young,* 114 Wash. 66, 194 Pac. 810, the defendants moved to dismiss the cross-appeal of plaintiff because the proof of service was not filed within the ninety-day period. In *Gazzam v. Young, supra,* the judgment was filed April 19, 1920. Notice of the cross-appeal was served on defendant-appellant, May 29, 1920, and service acknowledged by all

appellants, but copy of that notice of appeal and proof of service were not filed in the clerk's office until October 19, 1920, or six months after the judgment was entered. Following *Seargeant v. Russell, supra,* the motion was denied.

In *State v. American Fruit Growers,* 135 Wash. 156, 237 Pac. 498, without analysis of the rules and prior opinions, we held that service of a notice of appeal within the statutory period was jurisdictional, but the failure to file the notice within the statutory period was merely an irregularity and was not jurisdictional.

*Warfield v. Thelen,* 22 Wn. (2d) 100, 154 P. (2d) 305, is not in point. While we thought it might be argued with considerable force that when a notice of appeal is served on a prevailing party, a filing of the original or a copy of such notice with proof or the written admission of service thereof with the clerk of the superior court is a jurisdictional step, we reserved decision on that question and dismissed the appeal on another ground.

The argument that in view of our later decisions, regardless of the reasons upon which they are based, we should continue to violate the rule that the filing of a notice of appeal with proof of service is a jurisdictional step, is not sound.

While long acquiescence in an erroneous decision may make the decision a rule of property or practice and raise it to the dignity of law, it must not be understood that a previous line of decisions affecting even property rights can in no case be overthrown. In dissenting opinion in *State v. McCollum,* 17 Wn. (2d) 85, 136 P. (2d) 165, 141 P. (2d) 613, is listed three hundred and eighty-seven of our opinions we challenged or overruled from January 1, 1915, to December 31, 1942.

If a series of decisions are clearly incorrect, through a mistaken conception of the statute or rule, and no injurious results would follow from overruling those decisions, it is the duty of the court to overrule those decisions.

"But the doctrine of *stare decisis,* like almost every other legal rule, is not without its exceptions. It does not apply to a case where it can be shown that the law has been mis-

understood or misapplied, or where the former determination is evidently contrary to reason. The authorities are abundant to show that in such cases it is the duty of courts to re-examine the question. Chancellor Kent, commenting upon the rule of *stare decisis,* said that more than a thousand cases could then be pointed out, in the English and American reports, which had been overruled, doubted or limited in their application. He added that 'it is probable that the records of many of the courts of this country are replete with hasty and crude decisions; and in such cases ought to be examined without fear, and revised without reluctance, rather than to have the character of our law impaired, and the beauty and harmony of the system destroyed by the perpetuity of error.' " *Rumsey v. New York & N. E. R. Co.,* 133 N. Y. 79, 30 N. E. 654, 28 Am. St. 600.

■ Where rule of court prescribes the time of filing of the notice of appeal, such is a jurisdictional step; and neither stipulation nor other act of the parties can confer the right of appeal, once lost by expiration of the time prescribed by the rule for filing of the notice. In other words, an appeal must be perfected in the manner and time required by the rule in the court where judgment or order from which appeal is taken is entered to give appellate court jurisdiction of the appeal for purpose other than dismissal of the appeal.

■ We now hold, and hereby overrule all opinions contrary thereto, that failure to file, after service of written notice of appeal on the prevailing party or his attorney, within five days after service of such notice, with the clerk of the superior court, the original or a copy of such notice with proof or the written admission of service thereof, shall render the appeal ineffectual.

The motion to dismiss the appeal is granted.

BEALS, C. J., STEINERT, ROBINSON, SIMPSON, and JEFFERS, JJ., concur.

GRADY, J. (dissenting)—I do not think this appeal should be dismissed. When the parties to this case requested that it be remanded to the lower court so that action might be taken upon a stipulation into which they had entered, attention was called to the fact that the notice of appeal with

proof of service had not been filed within five days after the service of such notice. This was done of our own motion and was no doubt prompted by the fact that in a case decided not long before it had been suggested, but not decided, that such filing might be a jurisdictional step to be taken in effecting an appeal to this court. It is my opinion that until we promulgate a rule of court making such a step jurisdictional, we should follow the rule pronounced in *Reynolds v. Reynolds*, 42 Wash. 107, 84 Pac. 579, in which this court construed chapter 49, Laws of 1899 (Rem. Rev. Stat., § 1734). It may be that we might be justified in believing that the court placed the wrong construction on that act, but we have consistently followed the *Reynolds* case in all of our subsequent cases in which the same question of appellate practice and procedure was raised.

The attorneys who have practiced before this court have known the construction placed by it upon the act ever since the *Reynolds* case was decided in 1906. The judges who construed the statute were jurists of outstanding ability and no doubt realized that its purpose was to simplify appellate procedure, and to prevent the dismissal of appeals upon technical grounds. Even though we might disagree with them and those who later adopted their views, this does not justify the overruling of the cases we have decided adhering to the construction given the statute in the *Reynolds* case. I recognize that occasionally it becomes advisable and necessary to overrule previous decisions because of the enactment of a statute, or by reason of changed conditions and the progressive development of the law, and it may happen that time will demonstrate that a rule previously pronounced is unsound. In such an event the hardship suffered by a respondent who may have relied on our former decisions cannot be avoided by the court, but when the subject matter involved in an appeal is a rule of appellate practice and procedure recognized by this court for a long time and upon which the bar has relied, we do not need to make a change by overruling previous decisions but should follow our decisions in the instant case, and then if we feel a change should be made in the

rule of practice and procedure, we can do so by rule under our rule-making power and make it prospective in its operation so that pending appeals may not be affected. That is what I think we should do in this case.

We should grant the request to remand the case to the lower court for such further proceedings as that court and the parties to the action may determine should be taken.

BLAKE and MALLERY, JJ., concur with GRADY, J.

---

November 16, 1945. Petition for rehearing denied.

[1]Reported in 162 P. (2d) 450.