[No. 16134.   Department Two.   January 8, 1921.]

AKIYO KUWABARA *et al., Appellants,* v. W. L. GAZZAM *et al., Respondents,* FIDELITY & DEPOSIT COMPANY OF MARYLAND, *Intervener, Appellant.*[1]

DEPOSITS IN COURT (3) — RIGHTS AND LIABILITIES OF PARTIES. Money deposited in court as rent due for premises pending an appeal in an action for unlawful detainer, in which the judgment of the court found that the rent was due the plaintiff, is properly ordered paid to the plaintiff, when the judgment was not superseded on the appeal.

Appeal from a judgment of the superior court for King county, Smith, J., entered May 21, 1920, upon the pleadings in favor of the defendants, in an action of interpleader. Affirmed.

*Silvain & Butler,* for appellants Kuwabara.

*Kelleran & Hannan,* for appellant Fidelity & Deposit Company of Maryland.

*Edwin James Brown* and *Chadwick, McMicken, Ramsey & Rupp,* for respondents.

MOUNT, J.—This action grows out of the action of Gazzam against Young and others just decided. When that action was brought, a writ of restitution was issued. Under the statute, the writ was not to be executed within three days (Rem. Code, § 820). Within the three days, the defendants in that action, Kuwabara and Young, gave a counter bond with the Fidelity & Deposit Company of Maryland as surety, conditioned

"that they would pay to the plaintiff such sum as the plaintiff may recover for the use and occupation of such premises and any rent, found due, together

[1] Reported in 194 Pac. 812.

with all damages the plaintiff may sustain by reason of the defendant occupying or keeping possession of said premises, and also all the costs of the action,''

not exceeding $3,300. Thereafter Mr. Kuwabara paid into the registry of the court, on the first of each month during the pendency of that action, the sum of $550 for a period of six months. Thereupon Mr. Kuwabara brought this action alleging, among other things, that the money thus paid into the court was claimed by both Gazzam and Young, and prayed the court to adjudicate the rights of Young and Gazzam to the money. Young thereupon filed an answer and cross-complaint claiming the money as his own.

After the case of *Gazzam v. Young, ante* p. 66, 194 Pac. 810, was decided by the trial court, the plaintiffs in that action filed an answer in this action alleging, among other things, that a judgment had been rendered in his favor against Kuwabara for $8,213 and costs, and claiming the right to the whole of the money so deposited. The Fidelity & Deposit Company, surety upon the bond, also filed an answer alleging that the case had been appealed to this court and asked for a stay pending the appeal. No supersedeas bond was given upon that appeal.

Upon these pleadings, the trial court granted a judgment in favor of Gazzam authorizing him to withdraw the money from the registry of the court in satisfaction *pro tanto* of his judgment against Kuwabara. This appeal is prosecuted from that judgment.

Under the decision which we have rendered in the case of *Gazzam v. Young, supra,* it is apparent that this money deposited in the court may be applied in satisfaction of that judgment *pro tanto*, because the money is neither the money of Kuwabara or the insurance company or Young. It was deposited as rent for

the premises in the exact amount due upon the lease from Young to Gazzam, and belonged of right to Mr. Gazzam. As stated above, the judgment in that case was not superseded. The court was clearly right in ordering the money to be paid to Mr. Gazzam to apply upon his judgment.

The judgment appealed from is therefore affirmed.

HOLCOMB, C. J., MITCHELL, TOLMAN, and MAIN, JJ., concur.