[No. 13329.  Department One.  February 6, 1917.]

KATHRYN M. THOMPSON, *Respondent*, v. SEATTLE PARK COMPANY, *Appellant*.[1]

COSTS—TIME FOR TAXATION—DATE OF JUDGMENT.  Rem. Code, § 482, requiring a cost bill to be served and filed "within ten days after the judgment," has reference to the time when final judgment is filed with the clerk, and not to the time it is signed by the judge.

BAILMENT—FOR HIRE—NEGLIGENCE.  The proprietor of a natatorium, operating a check room, is liable as a bailee for hire for failure to exercise ordinary care over valuables left with an attendant in charge of the check room.

APPEAL—REVIEW—FINDINGS.  Findings of the trial judge will not be disturbed on appeal, unless the evidence preponderates against them.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered August 16, 1915, upon findings in favor of the plaintiff, in an action to recover the value of property lost through the negligence of a bailee.  Affirmed.

*Bronson, Robinson & Jones*, for appellant.

*Fred C. Brown* and *M. M. Thompson*, for respondent.

FULLERTON, J.—The appellant conducts a natatorium in the city of Seattle.  In connection with its business, it maintains a check room where patrons of its baths may, for a consideration, deposit their valuables for safekeeping.  In June, 1914, the respondent became a patron of the natatorium by purchasing a ticket at the usual price.  Prior to going into the baths, she left her rings and other valuables, inclosed in a purse, with an attendant at the check room.  On her return from the baths, the purse was returned to her with all of its contents except, as she claims, a diamond ring of the value of $350.

This action is brought to recover the value of the ring.  After issue joined, it was tried by the court sitting without

[1]Reported in 162 Pac. 994.

a jury, and resulted in a judgment for the respondent for the amount demanded.

The appellant first assigns as error the refusal of the trial court to strike the cost bill filed by the respondent, and to require the costs to be taxed by the clerk under rule XXI of the general rules of the superior courts. The record shows the cost bill to have been filed more than ten days after the judgment was signed, but less than ten days after it was filed with the clerk of the court. The statute (Rem. Code, § 482) provides that the cost bill shall be served on the opposite party and filed with the clerk of the court "within ten days after the judgment," and the question is whether it requires the cost bill to be served and filed within ten days after the signing of the final entry by the judge or within ten days after it is signed and filed with the clerk. The question has not been passed upon directly by this court, but questions somewhat analogous were discussed in *Quareles v. Seattle*, 26 Wash. 226, 66 Pac. 389; *Warner v. Miner*, 41 Wash. 98, 82 Pac. 1033, and *Paich v. Northern Pac. R. Co.*, 86 Wash. 379, 150 Pac. 814.

In the case of *Warner v. Miner*, it is said that the "date of a judgment is the date of its filing." The statute in certain sections speaks of a judgment as "given," in others as "recorded," in others again as "rendered," and still in others as "entered," where the context indicates that the same meaning is intended. In the present section it will be noticed the word "judgment" is used without either of the definitive words. Since, however, "all judgments shall be entered by the clerk, subject to the direction of the court," (Rem. Code, § 435) it would seem that a judgment could not be complete, in a case where the form of the entry is signed by the judge, until it is filed with the clerk for record. In other words, the formal signing is the direction of the court to enter the judgment, which becomes such when it is received by the clerk and filed by him. Our holding is that the cost bill in this instance was served and filed within due time.

On the merits of the controversy, we have been unable to conclude that the trial court decided against the preponderance of the evidence. Conceding the law of the case to be as the appellant contends, still we think there was such evidence of insufficient care on the part of the appellant as to amount to negligence. The appellant was a bailee for hire. It was obligated to exercise ordinary care over the subject-matter of the bailment, and is liable if it failed to exercise such care. Ordinary care means such care as an ordinarily prudent person would exercise in the care of their own valuables under like circumstances, and we think the evidence justified the conclusion that the appellant did not exercise such care. At least the evidence does not preponderate against the conclusion, and this we have repeatedly said is the measure of our power to reverse the finding of the trial court.

The appellant questions the finding of the court as to the value of the ring. But both the appellant and a jeweler dealing in such articles testified in accordance with the finding of the court, and there was nothing to the contrary save a declaration asserted to have been made by the respondent, which she disputes.

Affirmed.

ELLIS, C. J., MOUNT, and CHADWICK, JJ., concur.