[No. 31076. December 5, 1949.]

EARL J. HEROUX, *Appellant*, v. CARL E. PHARE *et al.*, *Respondents.*[1]

*Reischling & Lurie,* for appellant.

*P. R. McIntosh,* for respondent McFerran.

PER CURIAM.—A motion has been presented by Edward M. McFerran, one of the respondents, asking that the appeal as to him be dismissed. His motion is based upon two grounds, each of which is disclosed by the record before the court, as follows:

"FIRST: That appellant has failed to comply with Rule 11 of the Rules of the Supreme Court by filing proof of, or written admission of, service of his brief upon this respondent within ninety days after taking of the appeal or at all.

"SECOND: That appellant has not, within five days after the filing of Notice of Appeal with the Superior Court or at any time, filed with the Clerk of the Superior Court proof of or written admission of service of notice of appeal upon the respondent McFerran."

The requirement relative to the filing and serving of briefs is not jurisdictional, hence cannot be considered as a basis for dismissal of the appeal.

Rule of Supreme Court 5 (3), 18 Wn. (2d) 4-a, provides that notice of appeal may be given in open court or by written notice within thirty days, as required by Rem. Rev.

[1]Reported in 210 P. (2d) 1021.

Stat., § 1719 [P.P.C. § 5-11]. The statutory requirement reads as follows:

" . . . within five days after the service of such notice he shall file with the clerk of the superior court the original or a copy of such notice, with proof or the written admission of the service thereof, and thereupon the clerk shall enter such notice, with the proof or admission of service thereof, in the journal of the court. The giving or service of a notice of appeal as prescribed in this section shall effect the appeal, but the same shall become ineffectual if an appeal bond for costs and damages be not given . . ."

The judgment in this case was entered March 10, 1949. The record shows that the notice was served upon attorneys for respondents Phare on the date it was filed, March 14, 1949. November 12, 1949, one of counsel for appellant filed with the county clerk his affidavit setting forth the fact that March 11, 1949, he mailed to Phillip R. McIntosh, attorney for respondent McFerran, a copy of "notice of appeal, and copies of the notice of filing supersedeas and cost bond . . ."

From this record, it conclusively appears that the proof of service was not filed within the time required by rule and statute. Our action in this case is dictated by the rule laid down in *In re Yand's Estate,* 23 Wn. (2d) 831, 162 P. (2d) 434, in which case it was held that failure to file with the clerk of the superior court, within five days, proof of service of notice of appeal, renders the appeal ineffectual.

On authority of the cited case, we grant the motion of respondent McFerran and dismiss the appeal in so far as he is concerned.

January 3, 1950. Petition for rehearing denied.