[No. 728-42586-3.    Division Three.    November 6, 1972.]

Thomas Malott, *Plaintiff*, v. Lester J. Randall *et al.*, *Respondents*, Emil Heber, *Petitioner*, Superior Court for Spokane County, *Respondent*.

*Francis Conklin* and *Robert Southwell* (of *Malott & Southwell*), for petitioner.

*James P. Connelly* (of *Winston, Cashatt, Repsold, McNichols, Connelly & Driscoll*), *William G. Ennis* (of *Ennis & Klobucher*), and *Michael J. Hemovich* (of *Bantz & Hemovich*), for respondents.

Munson, C.J.—Petitioner Emil Heber, plaintiff in intervention, petitions for writ of certiorari, or in the alternative for writs of prohibition and mandamus, and seeks determination of the issue: "Did the superior court err in ordering, on September 19, 1972, that clerical mistakes in filing the findings of fact, conclusions of law and judgment in this case be corrected pursuant to CR 60(a)?"

This case was heard on its merits by the superior court and findings of fact, conclusions of law and judgment were signed on July 5, 1972. These documents were then handed to a deputy clerk of the superior court for filing. Unfortunately, the documents were misplaced until August 8, 1972 and were not properly filed in the clerk's office until that date. On September 7, 1972 petitioner filed notice of appeal in this court. On September 12, 1972 respondents filed a motion for corrective order in superior court requesting

that the filing dates and journal entries on these documents be altered to indicate that they had been filed on July 5, 1972 rather than on August 8, 1972. This motion was heard on September 19, 1972 before the same department of the superior court and an order, as requested, was granted.

The petitioner, by counsel other than trial counsel, challenged the jurisdiction of that court to hold the September 19 hearing; he alleged that the superior court was without jurisdiction to make this correction pursuant to CR 60(a) because petitioner had filed his notice of appeal and no order from the Supreme Court authorizing that court to hold a hearing pursuant to CR 60(a) had been issued.

At that time CR 60(a) provided:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. *During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the supreme court, and thereafter while the appeal is pending may be so corrected with leave of the supreme court.*

(Italics ours.) It is agreed that no such permission was obtained from the Supreme Court. The trial court, however, held no permission was necessary to hear this motion for corrective order because an appeal had not been "docketed in the supreme court . . .".

On September 19, 1972 CR 60(a) did not provide the Court of Appeals with the power to order correction of the record.[1] In light of the language in CR 60(a), as applicable

---

[1] This oversight was recognized and on September 26, 1972 the Supreme Court amended paragraph (a) of CR 60 to read as follows:

Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is filed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court having jurisdiction of the cause.

on September 19, the case not being docketed in the Supreme Court, the superior court believed it did have jurisdiction to hold the September 19, 1972 hearing. However, that hearing was held without considering the effect of CAROA 15 which states:

> The court of appeals shall acquire jurisdiction of a cause by the filing of a timely notice of appeal to that court . . . Upon acquiring jurisdiction of a cause, the court of appeals shall have control of the superior court . . . The superior court shall retain jurisdiction for the purpose of all proceedings by these rules provided to be had in such court, for the purpose of settlement and certification of the statement of facts, and for all other purposes as might be directed by order of the court of appeals.

While the superior court did state it assumed jurisdiction on the basis that it was properly dealing with the statement of facts, the documents involved, namely the findings of fact, conclusions of law and judgment, are not a part of a statement of facts. They are more properly found in the transcript prepared by the clerk. CAROA 33(5); CAROA 44(1). CAROA 15 does not authorize a superior court to certify the transcript.

The wording of CAROA 15 has as its predecessor Rem. Rev. Stat. § 1731. *Penchos v. Ranta,* 22 Wn.2d 198, 206-08, 155 P.2d 277 (1945), interpreting that statute, states:

> It may be admitted that, *so long as the trial court has jurisdiction of the cause,* it has the inherent power to modify its judgment to make it conform to the judgment actually entered. . . .
>
> . . .
>
> Again in *Kawabe v. Continental Life Ins. Co.,* 97 Wash. 257, 166 Pac. 617 [(1917)], we stated:
> "It is the settled rule in this state that an appeal lodges jurisdiction of the action exclusively in the appellate court, *and that the lower court has no jurisdiction other than to do those things necessary or specially provided by statute for making the appeal effective.*" (Italics ours.)

This language continues to be the law in this state. *J. E.*

*Work, Inc. v. Lovell,* 72 Wn.2d 516, 523, 433 P.2d 896 (1967); *cf. Pacific Nat'l Bank v. Kramer,* 77 Wn.2d 899, 905, 468 P.2d 436 (1970).[2] The notice of appeal, having been filed on September 7, deprived the trial court of jurisdiction to enter the September 19 order correcting the record.

Respondents have filed a motion to dismiss the appeal asserting an untimely filing of the notice of appeal. Respondents also orally moved in this court that they be allowed to proceed with a record correction hearing pursuant to CR 60(a). Time and effort have already been expended on one hearing. Since testimony taken at the September 19 hearing may be pertinent to the motion to dismiss, respondents' oral motion for leave to proceed with a record correction hearing shall be granted. The parties shall not, however, be required to repeat production of the testimony already adduced at the September 19 hearing, but shall have 21 days from the date of the filing of this opinion to appear in the superior court and produce any further testimony which might be relevant to the issue of when the findings of fact, conclusions of law and judgment were filed; they shall have such proceedings, if any, promptly transcribed and filed in this court within 31 days of the date of filing of this opinion. All of the testimony and evidence adduced at the September 19 hearing and any other subsequent hearing shall be considered with respect to respondents' motion to dismiss set for hearing before this court on December 14, 1972. Likewise, the result of our holding herein shall abide the December 14 hearing.

GREEN and EDGERTON, JJ., concur.

---

[2] It has also been held that leave of the Court of Appeals is necessary, in light of CAROA 15, before a petition for a new trial in superior court may be filed under CR 60(b) once notice of appeal has been filed in the Court of Appeals. *Palmer v. Cozza,* 2 Wn. App. 900, 471 P.2d 102 (1970); *State v. Hatch,* 4 Wn. App. 509, 510, 482 P.2d 340 (1971). Without such leave, the superior court, after the filing of a notice of appeal, has no jurisdiction to consider such a motion.