[No. 42357.    En Banc.    January 4, 1973.]

GRACE WALL GLASS, *Individually and as Administratrix, Appellant,* v. WINDSOR NAVIGATION COMPANY, *Respondent.*

*Schroeter, Jackson, Goldmark & Bender,* by *Paul D. Jackson,* for appellant.

*Bogle, Gates, Dobrin, Wakefield & Long, M. Bayard Crutcher,* and *John P. Sullivan,* for respondent.

STAFFORD, J.—The central issue is whether an appellate court acquires jurisdiction of a case in which a notice of appeal has been filed prior to entry of judgment.

Plaintiff, Grace Glass, individually and as administratrix of the estate of Harvey Glass, brought this action against defendant, Windsor Navigation Company. Defendant owned and operated the SS *Abiqua,* a ship on which the plaintiff's husband, Harvey Glass, died on March 19, 1969. Plaintiff alleged that the death was caused by unseaworthi-

ness of the vessel, under maritime law, and the negligence of defendant under the Jones Act, 46 U.S.C. § 688.

On November 20, 1970, the jury returned a verdict in favor of plaintiff for $85,000 but in special interrogatories also found the decedent 85 percent contributorially negligent in causing his own death. Pursuant to the maritime rule of comparative negligence, the award was reduced to $12,750. On November 27, 1970, the trial court denied plaintiff's motion for judgment n.o.v. and in the alternative for a new trial. Judgment was entered February 26, 1971.

On December 23, 1970, almost 2 months before the formal judgment was entered, plaintiff filed a "Notice of Appeal to Court of Appeals Under Rule 33." On January 28, 1972, defendant filed a motion to dismiss the appeal for lack of jurisdiction. The Court of Appeals denied the motion and defendant petitioned the Supreme Court for a writ of certiorari to review the denial. This court passed the writ to the merits and transferred the appeal here to enable us to consider all matters.

Plaintiff contends that there is jurisdiction to hear the appeal. It is suggested that even if a notice of appeal, which is served and filed prior to the formal entry of judgment, is defective, the defect is a mere technicality that may be cured by the subsequent entry of judgment. We disagree. Next, plaintiff moves to cure the defect by amending the notice of appeal to reflect that it was to become effective upon entry of judgment. The motion is denied.

When this court orders a case transferred from the Court of Appeals, it will be deemed properly perfected here if it has been properly perfected under the rules of appeal applicable to that court. On the other hand, if such an appeal to the Court of Appeals has not been properly perfected, this court upon transfer will consider such a defect and take appropriate action.

CAROA 15, 32 and 33 make it clear that in a civil case the timely filing of a proper notice of appeal is a jurisdictional requirement which cannot be waived. CAROA 15 provides in part:

> The court of appeals *shall* acquire jurisdiction of a cause by the filing of a timely notice of appeal to that court . . .

(Italics ours.) CAROA 32 provides in part:

> The court of appeals acquires jurisdiction of a civil cause by the timely filing of a proper notice of appeal.

CAROA 33 provides in part:

> (1) In civil actions appealable to the court of appeals, *in order for the court of appeals to obtain jurisdiction of the cause, a written notice of appeal,* together with a copy of the same, *must be filed* with, and filing fees paid to, the clerk of the superior court *within thirty days after entry of the order, judgment, or decree from which the appeal is taken* . . .

(Italics ours.) CAROA 2 provides:

> (d) The words "shall" and "must" are *mandatory,* and the word "may" is permissive.
>
> . . .
>
> (f) "Judgment" means any judgment, order or decree *from which an appeal lies.*

(Italics ours.) RCW 4.56.010 states:

> A judgment is the *final determination* of the rights of the parties in the action.

(Italics ours.)

Accordingly, the Court of Appeals does not acquire jurisdiction of an appeal in a civil cause if the notice of appeal is filed *prior* to the entry of judgment. There must be a timely filing of a proper notice of appeal within the requisite 30 days *after* entry of judgment for the court to obtain jurisdiction.

In the present case the notice of appeal was filed on December 23, 1970. This was over 2 months prior to the entry of judgment. In other words, it was filed more than 2 months before the final determination of the rights of the parties had been made and at a time when the trial judge could still have freely changed his mind. *See Fosbre v. State,* 70 Wn.2d 578, 424 P.2d 901 (1967). The judgment which plaintiff seeks to have reviewed was not in existence

at the time the notice of appeal was filed. Inasmuch as the Court of Appeals had no jurisdiction to hear the appeal, this court never acquired jurisdiction on transfer.

Our prior cases are in accord with the rule that a civil appeal will be dismissed as premature if it is taken before entry of judgment. *Strickland v. Rainier Golf & Country Club,* 156 Wash. 640, 287 P. 900 (1930), and 4A C.J.S. *Appeal and Error* § 461 (1957). In *Strickland* we dismissed the appeal of a cause in which the notice of appeal was filed only 3 days prior to the entry of judgment. We specifically held that an appeal would not lie when the notice was filed prior to the entry of judgment.

Without citing any cases in point, plaintiff argues that in view of the current trend of judicial thought, emphasizing substance rather than form, the rule of *Strickland* is no longer the law. Numerous cases reveal, however, that contrary to plaintiff's contention many jurisdictions follow a rule similar to our own. *See Burn v. National Union Bank,* 66 Misc. 2d 504, 322 N.Y.S.2d 5 (1971); *Slagter v. Thrifty Clean, Inc.,* 441 Pa. 272, 272 A.2d 885 (1971); *Thomas v. Western Sav. & Loan Ass'n,* 6 Ariz. App. 511, 433 P.2d 1003 (1968); *Supple v. Luckenbach,* 12 Cal. 2d 319, 84 P.2d 52 (1938); and *Stout v. Cunningham,* 33 Idaho 83, 189 P. 1107 (1920).

Plaintiff contends that the premature filing of a notice of appeal is a mere technicality or defect in the notice itself. Thus, it is said, a prematurely filed notice comes within ROA I-63 or ROA I-52 respectively. The premature filing of a notice of appeal, however, is not a mere technicality. ROA I-15 and CAROA 15 use the word "shall" and make the timely filing of a notice of appeal a jurisdictional requirement. *Mackey v. Champlin,* 68 Wn.2d 398, 413 P.2d 340 (1966); *Wesley v. Schneckloth,* 55 Wn.2d 90, 346 P.2d 658 (1959). Moreover, the timely filing of a written notice of appeal is now the only procedural step necessary to confer appellate jurisdiction upon this court and the Court of Appeals. *See Beckstead v. Linden,* 52 Wn.2d 892, 329 P.2d 1093 (1958).

Furthermore, there was no mere "defect" in the form or substance of the notice itself. Rather, on December 23, 1970, when plaintiff filed the notice of appeal, there was no judgment in existence from which an appeal could lie. A premature notice of appeal is totally ineffective, not merely defective. Neither the subsequent entry of judgment nor a post-judgment amendment of the notice can validate a prematurely filed notice of appeal. A notice of appeal is effective only by timely filing within the provisions of ROA I-33 and CAROA 33.

Finally, plaintiff contends that an exception to the rule should be made when a premature notice generally describes a judgment which is thereafter entered. The contention is without merit. The notice in question did not generally describe the judgment, as suggested by plaintiff.

We regret that we are compelled to dismiss the appeal. However, having heard the cause on the merits the regret is less because had we reached the merits, we would have affirmed the trial court.

The appeal is dismissed and the motion to amend is denied.

FINLEY, ROSELLINI, HUNTER, HALE, and WRIGHT, JJ., concur.

HAMILTON, C.J., and UTTER, J., concur in the result.