[No. 42759.    En Banc.    January 3, 1974.]

THOMAS MALOTT, *Plaintiff*, v. LESTER J. RANDALL *et al.*, *Respondents*, EMIL HEBER, *Petitioner*.

*Francis Conklin*, for petitioner.

*Winston, Cashatt, Repsold, McNichols, Connelly & Driscoll, James P.Connelly, Ennis & Klobucher*, and *William G. Ennis*, for respondents.

BRACHTENBACH, J.—A stockholder's suit was started by Thomas Malott who owned stock in the Hecla Mining Company. Emil Heber, also a stockholder, intervened and is the appellant.

The trial court found against plaintiff and appellant. The matter of signing findings of fact, conclusions of law, and judgment of dismissal was noted for July 5, 1972. On that day the matter regularly came before the court and all counsel were present, including Mr. Robert A. Southwell, then counsel for plaintiff and plaintiff-intervenor.

After discussion by court and counsel, changes were made in the findings of fact by interlineation, and then the following took place:

THE COURT: . . . Anything further, Mr. Southwell? MR. SOUTHWELL: No sir. THE COURT: The Court will then sign the Findings of Fact, Conclusions of Law and the form of Judgment. Exceptions to the form? MR. SOUTHWELL: Well, I have signed on that, your Honor, and a copy was received. Notice of Presentation waived. I will let the record go for that. THE COURT: All right. The Judgment will be signed. MR. SOUTHWELL: And the same with the Findings of Fact? THE COURT: All right. The judgment is made. MR. CONNELLY: May I ask that your Honor date the Findings. I notice that when it was typed up a slot for the date wasn't included. Thank you. (The Court adjourned.)

The court upon saying "The judgment is made," signed the same and handed all the documents to the deputy clerk, who was present in the courtroom. All of this occurred after 5 p.m., the closing time of the clerk's office. The deputy clerk put the judgment with the findings of fact and conclusions of law in a drawer of his desk in the courtroom. For some reason, the documents were left in the desk until August 8, 1972, when they were found.

The deputy clerk's journal fails to disclose that any judgment was signed. In fact, it merely recites that the matter had resumed for the presentation of findings of fact and conclusions of law; that two more exhibits were introduced and admitted and that the court "held the evidence insufficient and granted the defendant's motion to dismiss with prejudice." There is no mention of a judgment.

There had been interlineations in the findings of fact. Consequently about 4 days after the proceedings in court, one of the other lawyers in the office of the appellant's counsel instructed their legal intern to get a copy of the judgment as entered. Of course inquiry at the clerk's office revealed no judgment, either in the court file or entered in any index. Subsequent inquiries were made. The deputy clerk, who had put the papers in his desk in the courtroom, candidly admitted that the legal intern made such inquiry

on two or three occasions and that he could not remember where the papers were, but that he brought up the possibility that they were in the judge's chambers. On the other hand, the legal intern contends that he was told specifically by the clerk that he had never seen the judgment and that they had to be on the judge's desk.

The Court of Appeals dismissed the appeal. *Malott v. Randall*, 8 Wn. App. 418, 506 P.2d 1296 (1973).

■ CR 58 provides in part that: "Judgments shall be deemed entered for all procedural purposes from the time of delivery to the clerk *for filing* . . ." (Italics ours.) Considering the statutory development which has culminated in CR 58 and our previous decisions which give meaning to the operative terms in that rule, we hold that a judgment must be lodged in the office of the clerk before it may be deemed "entered."

There is a "clear distinction between the making or rendering of a judgment and its entry." *Quareles v. Seattle*, 26 Wash. 226, 227, 66 P. 389 (1901). As we have long recognized, "the formal signing is the direction of the court to enter the judgment, which becomes such when it is received by the clerk and filed by him." *Thompson v. Seattle Park Co.*, 94 Wash. 539, 540, 162 P. 994 (1917).

Significant legal consequences flow from this distinction. This court has gone so far as to allow a court to withdraw a signed order of dismissal where it had not been formally entered by the clerk. *State ex rel. Brown v. Brown*, 31 Wash. 397, 72 P. 86 (1903). As recently as *Grip v. Buffelen Woodworking Co.*, 73 Wn.2d 219, 224, 437 P.2d 915 (1968), this court said in a different context: "An appeal does not lie from anything other than a formal written final order or judgment signed by the judge and entered upon the records of the court, unless authorized by statute."

CR 58 was preceded by RCW 4.64.010, which required that "The judgment shall be in writing, signed by the judge . . . and shall be filed with the clerk and recorded in the journal of the court." Likewise, RCW 4.64.030 provides that "All judgments shall be entered by the clerk, subject

to the direction of the court, in the journal . . ." The former rule on appeal 33, 34A Wn.2d 33, required a notice of appeal to be given within 30 days after *entry* of the final judgment.

Against this background, CR 58 was adopted. If mere delivery to a deputy clerk in the courtroom is the controlling event, then the words "for filing" are surplusage.[1] However, CR54 clearly indicates that filing is an integral element of a final judgment by providing that "A judgment shall be in writing and signed by the judge and *filed* forthwith as provided in Rule 58." (Italics ours.)

It is undisputed that the deputy clerk failed to take the judgment herein to the clerk's office, but placed it instead in a drawer of his desk in the courtroom. This action, of course, does not constitute filing. The purpose of filing is to deposit the document in a public place so that it may be seen and examined by any person interested therein, and "A document may be said to be filed with an officer when it is placed in his official custody, and deposited in the place where his official records and papers are usually kept." *Stanley v. Board of Appeals,* 168 Misc. 797, 800, 5 N.Y.S.2d 956 (Sup. Ct. 1938). *See also Milton v. United States,* 105 F.2d 253 (5th Cir. 1939).

In short, the judgment should be lodged in the office of the clerk before it can be deemed entered. As Judge McInturff observes in his dissent to the decision of the Court of Appeals, *Malott v. Randall,* 8 Wn. App. 418, 425, 506 P.2d 1296 (1973), if it is not so filed, no one other than the party handing the judgment to the deputy clerk and the deputy himself could know when it was entered. It is true that appellant's counsel undoubtedly knew that the judgment had been signed. But assume facts only slightly different and the result of a contrary holding becomes patently illogical. Suppose that appellant's counsel had waived notice of presentation and was not present when the judgment was

---

[1]While the comment to CR 58 indicates that this rule supersedes RCW 4.64.010, it leaves in operation RCW 4.64.030 which requires the clerk to enter the judgment in the journal.

signed, and that the judge handed it to the deputy clerk who placed it in his desk in the courtroom as happened here. Inquiry to the clerk and examination of the court file and every other journal, docket or index would have failed to show the existence of the judgment. (In this case the act of the judge in handing the documents to the clerk is not part of the record.) Assume further that no one in the courtroom could remember whether the documents were actually handed to the deputy clerk. To be consistent, if we held other than we do, we would have to hold that the time for appeal was running. Rather than lending certainty to the appellate process, such an interpretation of CR 58 would create potential confusion and untold problems.

Our holding is a very narrow one confined to the facts which hopefully are unique and unlikely to occur again. Yet, if we held otherwise, this litigant would be deprived of his right to appeal because of an unfortunate set of misadventures which merely reflect the fact that human beings conduct the daily routines of the administration of justice.

We believe that CR 58 can be rationally interpreted to mean that the judgment must be placed physically in the office of the clerk before the time for appeal begins to run. A holding to the contrary in this case would violate the spirit of CR 1 which provides that the rules shall be construed to secure the *just* determination of every action.

The Court of Appeals is reversed and the appeal reinstated.

HALE, C.J., and FINLEY, ROSELLINI, HAMILTON, and UTTER, JJ., concur.

WRIGHT, J. (dissenting)—I dissent. The very nature of the judicial process is designed to settle disagreements and disputes with finality and certainty. If there be no point when a litigant can be definitely assured that the controversy is laid to rest, to rise no more, then the system has lost much of its value to litigants and to the entire public.

There was a time when the process of perfecting an appeal was wrought with many hazards and pitfalls. Many

requirements were deemed jurisdictional and the unwary was in constant danger of a dismissal of his appeal for failure to comply with each and every provision. To further complicate the task of the attorney who only infrequently sought to appeal to the Supreme Court, there were several places to look for the requirements, as some were found in statutes and some in court rules.

All of that has changed, and no one can say other than that it is a change for the better. The one mandatory requirement of timely filing of the notice of appeal gave the needed certainty without seriously complicating the process.

Now, however, the majority would discard the one remaining jurisdictional requirement, and all certainty will disappear. With the necessity of a timely notice of appeal, all parties and others who may be interested in the outcome in various ways know either that all further proceedings have been cut off or that there may be further steps to perfect an appeal. Thus, a reasonable degree of certainty is achieved.

This was a stockholder's suit instituted by Thomas Malott, owner of 2,000 shares of stock in the Hecla Mining Company, a Washington corporation. Emil Heber, owner of 156 shares, a plaintiff in intervention, is appellant here. At the relevant time there were 6,205,771 shares of stock outstanding in Hecla Mining Company. The purpose of the suit was to challenge the action of the board of directors in authorizing the investment of company funds in silver futures contracts.

After a trial upon the merits, the court found the board acted in good faith and lawfully. The matter of signing findings of fact, conclusions of law, and judgment of dismissal was noted for July 5, 1972. On that day the matter regularly came before the court, and all counsel were present, including Mr. Robert A. Southwell, then counsel for plaintiff and plaintiff-intervenor.

After discussion by court and counsel, changes were

made in the findings of fact by interlineation, and then the following took place:

THE COURT: . . .

Anything further, Mr. Southwell?

MR. SOUTHWELL: No sir.

THE COURT: The Court will then sign the Findings of Fact, Conclusions of Law and the form of Judgment.

Exceptions to the form?

MR. SOUTHWELL: Well, I have signed on that, your Honor, and a copy was received. Notice of Presentation waived. I will let the record go for that.

THE COURT: All right. The Judgment will be signed.

MR. SOUTHWELL: And the same with the Findings of Fact?

THE COURT: All right, The judgment is made.

MR. CONNELLY: May I ask that your Honor date the Findings. I notice that when it was typed up a slot for the date wasn't included.

Thank you.

(The Court adjourned.)

The court upon saying "The judgment is made," signed the same and handed all the documents to the deputy clerk, who was present in the courtroom. All of this occurred after 5 p.m., the closing time of the clerk's office. The deputy clerk put the judgment with the findings of fact and conclusions of law in a drawer of his desk in the courtroom. For some reason, the documents were left in the desk until August 8, 1972, when they were found. The clerk did enter in the civil journal a minute entry showing that the signing of the findings of fact and conclusions of law had taken place on July 5, 1972. No mention was made of the judgment. The documents were not placed in the case file nor entered in the civil appearance docket until August 8, 1972.

An associate in the office of Malott & Southwell, Mr. Daniel P. O'Rourke, made trips to the courthouse to compare the interlineations on the original findings of fact with the office copy. He was told by a deputy clerk the documents were not in the case file and he made further inquiry, but did not then find the documents. He checked again about

the middle of August 1972 and found the documents in the file, marked as filed August 8, 1972.

On September 7, 1972, notice of appeal was filed. A motion to correct the record was filed on September 12, 1972, and the motion was heard on September 19, 1972. The Court of Appeals held in *Malott v. Randall*, 7 Wn. App. 753, 502 P.2d 1249 (1972) that the superior court had lost jurisdiction upon the filing of the notice of appeal, but remanded the matter with leave to conduct a hearing for correction of the record. After further hearings, the record was corrected to show the true filing date as July 5, 1972.

The timely filing of a notice of appeal is jurisdictional. CAROA 51, 52; *In re Estate of Yand*, 23 Wn.2d 831, 838, 162 P.2d 434 (1945); *Heroux v. Phare*, 35 Wn.2d 213, 210 P.2d 1021 (1949). *In re Estate of Yand, supra*, states at page 838:

> Where rule of court prescribes the time of filing of the notice of appeal, such is a jurisdictional step; and neither stipulation nor other act of the parties can confer the right of appeal, once lost by expiration of the time prescribed by the rule for filing of the notice. In other words, an appeal must be perfected in the manner and time required by the rule in the court where judgment or order from which appeal is taken is entered to give appellate court jurisdiction of the appeal for purpose other than dismissal of the appeal.

In dismissing plaintiff's appeal, Munson, J., speaking for the majority of Division Three of the Court of Appeals, in *Malott v. Randall*, 8 Wn. App. 418, 506 P.2d 1296 (1973) stated at page 423:

> The retention of this one mandatory act does not appear to this court to be unreasonable. Were it otherwise, the number of reasons for the untimely filing of a notice of appeal is incalculable and the resultant inequities unascertainable. Furthermore, the rationale of *Glass v. Windsor Nav. Co.*, 81 Wn.2d 726, 504 P.2d 1135 (1973), dealing with the premature filing of a notice of appeal, appears to us to be equally persuasive here where the notice was belatedly filed. The notice, not having been

timely filed, does not vest this court with jurisdiction to hear this appeal.

The pertinent parts of CR 58 provide:

(a) . . . all judgments shall be entered immediately after they are signed by the judge.

(b) Effective Time. *Judgments shall be deemed entered for all procedural purposes from the time of delivery to the clerk for filing,* . . .

(Italics mine.) The language is plain and unambiguous. The words "for all procedural purposes" clearly include the computation of time for the notice of appeal. The 30 days start to run July 5, 1972, with delivery of the signed judgment to the clerk for filing. ROA I-33; *Canzler v. Mammoliti,* 40 Wn.2d 631, 633, 245 P.2d 215 (1952), citing *Cinebar Coal & Coke Co. v. Robinson,* 1 Wn.2d 620, 97 P.2d 128 (1939) and *Quareles v. Seattle,* 26 Wash. 226, 66 P. 389 (1901).

The case of *State ex rel. Bird v. Superior Court,* 30 Wn.2d 110, 190 P.2d 762 (1948) is a very different situation. In that case we started the discussion by saying at page 114, "We have repeatedly held that the filing of a notice of appeal . . . is jurisdictional." That, however, was a capital case. The appellant was confined in the penitentiary at Walla Walla and the warden denied him the right to prepare or mail out a notice of appeal in time. Bird was under the exclusive control and custody of the state and was prevented by state officers from perfecting his appeal. Even with those unusual and quite compelling facts the *Bird* case was decided by a bare majority of the court, and was severely criticized by the bench and bar of that day, as well as in dissents by Millard, J., and Jeffers, J.

The words "delivery to the clerk" include delivery to a deputy clerk. RCW 36.16.070 provides:

A deputy may perform any act which his principal is authorized to perform. The officer appointing a deputy or other employee shall be responsible for the acts of his appointees upon his official bond and may revoke each appointment at pleasure.

If any person be injured by failure of a clerk or deputy clerk to perform a duty, he is not without remedy. RCW 36.16.070 provides that the officer shall be responsible for the acts of his deputies upon his official bond. RCW 36.16.050 provides the official bond, among other things, contain the condition "that he will faithfully perform the duties of his office."

I would, therefore, affirm the Court of Appeals in the dismissal of the appeal.

HUNTER and STAFFORD, JJ., concur with WRIGHT, J.

Petition for rehearing denied March 5, 1974.